SYRAKAS, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 13—February 15, 1938.*

For the plaintiff in error there was a brief by *I. A. Diner-stein,* attorney, and *Irving A. Lore* of counsel, both of Milwaukee, and oral argument by *Mr. Lore.*

For the defendant in error there was a brief by the *Attorney General, Herbert J. Steffes,* district attorney of Milwaukee county, and *Charles J. Kersten,* assistant district attorney, and oral argument by *Mr. Kersten.*

FAIRCHILD, J. The house of plaintiff in error, herein called the "defendant," was searched on the 19th day of April, 1937, and there were seized two fifty-two-gallon barrels of fermenting mash, two five-gallon jugs containing illicit liquor, some bottles, and burned sugar. The officers acted under the authority of a search warrant issued on evidence that liquor had been sold upon the premises on the 10th day of April under the following circumstances: The witness rapped at the door of the residence and communicated his desire to buy a pint of liquor. He was asked to come in. Liquor was handed to him, and he paid therefor forty cents. When he came out, he handed the bottle to the state agent. He described the residence, and upon this evidence, together with the written complaint of the state agent, the warrant was issued. It is defendant's contention that no probable cause was shown for believing that on the 19th day

of April, 1937, the defendant was concealing intoxicating liquor on the premises for the purpose of evading the laws of the state of Wisconsin. This claim is based on the fact that nine days elapsed between the act testified to by the informer and the issuing of the warrant. She then asserts that the evidence thus obtained and used upon the trial was not admissible. The objection to the admissibility of the evidence is somewhat neutralized by the stipulation under which the evidence received at the preliminary examination was submitted to the court, but were this considered not to be a consent to the reception of the evidence, the objection still is not vital. The defendant, because of selling illicit liquor on the 10th of April, was in the position of having disclosed grounds for accusation and prosecution. The point which is being raised is that the nine-day period had given opportunity for a change of conduct, thus reducing the value of the act as a basis for accusation that the defendant was violating the law on the 19th of April, and therefore that probable cause on which the granting of the search warrant must depend could not exist. In the briefs of counsel we are referred to many cases where the time element is discussed, and, under certain circumstances, it may be a determining factor, but in a case where liquor is secured in the manner in which it was secured by the informer in this instance, strongly suggesting not only a present, but a continuing business in the sale of illicit liquor, the sale on the 10th of April creates a state of facts on which the magistrate on the 19th may well have relied in determining that probable cause existed. *United States v. McKay* (D. C.), 2 Fed. (2d) 257; *United States v. Old Dominion Warehouse* (2d Cir.), 10 Fed. (2d) 736. The objections to the admissibility of the evidence being without merit, and the evidence sufficiently supporting the verdict, the conviction must be sustained.

*By the Court.*—Judgment affirmed.