(No. 37313.—

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error,
*vs.* ELLIS MONTGOMERY, Defendant in Error.

*Opinion filed March 25, 1963.*

DANIEL P. WARD, State's Attorney, of Chicago, (JOHN
T. GALLAGHER and MARVIN E. ASPEN, Assistant State's
Attorneys, of counsel,) for plaintiff in error.

Mr. JUSTICE KLINGBIEL delivered the opinion of the
court:

The municipal court of Chicago entered an order quash-
ing a search warrant and the State has sued out a writ of
error to review this order, as authorized by statute. (Ill.
Rev. Stat. 1961, chap. 38, par. 747.) We have jurisdiction,
a constitutional question being involved. *People* v. *Watkins,*
19 Ill.2d 11.

The affidavit for the search warrant, which was sworn
to on August 9, 1961, stated that on August 1, the affiant
saw a quantity of narcotics in the possession of one Ellis
Montgomery at a certain address and that the affiant pur-
chased a package thereof from Montgomery on that date.
The search warrant was issued and executed and Mont-
gomery filed a motion to quash this warrant on the ground
that the delay between August 1, when affiant stated he ob-
served the narcotics, and August 9, when he signed the af-

fidavit, constituted an unreasonable delay and that therefore probable cause did not exist for the issuance of the warrant.

There is no hard-and-fast rule concerning the time within which a complaint for a search warrant must be made, except that it should not be too remote. The only bearing that passage of time of itself has upon the question is its effect upon the existence of probable cause. These principles were set forth in *People* v. *Dolgin,* 415 Ill. 434, 441, where we held a delay of 49 days was not unreasonable, particularly where there was an indication that the offense was continuing. In *People* v. *Holton,* 326 Ill. 481, we held that a delay of 10 days was not unreasonable. We pointed out there that the fact that the defendant had sold liquor to the affiant 10 days before constituted just and reasonable cause for believing that the defendant would continue to do so for a short time thereafter.

In *United States* v. *Allen,* (E.D. Ky.) 147 F. Supp. 955, a delay of 16 days was held not unreasonable and in *United States* v. *Long,* (D.C. Dist.) 169 F. Supp. 730, the court held that an 11-day delay was not unreasonable. Many cases on this point are collected in an annotation appearing in 162 A.L.R. 1406. The author of the annotation summarizes these authorities by stating that an interval of less than 20 days has never been held unreasonable. 162 A.L.R. 1414.

We are of the opinion that the delay in the present case was not unreasonable and that probable cause existed for the issuance and execution of the search warrant. The order of the municipal court of Chicago is therefore reversed and the cause is remanded to that court with directions to deny the motion to quash the search warrant.

*Reversed and remanded, with directions.*