Alexander H. UNDERDOWN, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

William V. LAWS, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 3793, 3794.

District of Columbia Court of Appeals.

Argued Jan. 24, 1966.

Decided March 24, 1966.

John A. Shorter, Jr., Washington, D. C., for appellants.

David P. Sutton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

Appellants were convicted of keeping alcoholic beverages for sale and of selling the same without a license in violation of Code 1961, § 25–109(a). A motion to suppress evidence was made before and during trial, but was denied in both instances. Appellants allege error in the denial of their motion, contending that the evidence used against them was obtained as the result of an illegal search and seizure.

The search of the premises in question was made at 2:50 A.M. on the morning of December 19, 1964, pursuant to a search warrant which authorized the police to make the search at any time of the day or night. The warrant was issued on the basis of an affidavit of a police officer, assigned to the Morals Division, who swore he was positive alcoholic beverages were being concealed there to be sold in violation of the law. This averment was necessary because the Alcoholic Beverage Control Act, Code 1961, § 25–129(h), prohibits the serving of a warrant at night "unless the affidavit is positive that the property is in the place to be searched." Appellants contend that the facts presented in the affidavit were insufficient to establish the positiveness required for a night warrant.

The affidavit set forth that the police officer went to the premises in question at about 2:20 A.M. on Saturday, December 5, 1964, and that he was seated at a table with a female companion and another couple. Appellant Underdown asked for his order and the officer requested two shots of scotch and meals for himself and his companion. Underdown brought the food and drink to the table and told the officer that the bartender had his bill. After he had

finished eating the officer went to the bar and paid eight dollars. Upon leaving the officer observed about twenty persons eating and consuming alcoholic beverages.

The affidavit further recited that the officer returned to the premises at about 12:40 A.M. on Sunday, December 13, 1964, but was refused admittance. Appellant Underdown came to the door and told him that he could not enter because he was not a member of the club and was not in the company of a member. The officer then left.

On the following day the officer requested the warrant, stating that investigation revealed that no license had been issued for the sale of alcoholic beverages at these premises and that he was positive that alcoholic beverages were there for the purpose of illegal sale. The warrant was issued on December 14 and executed on December 19.

It is appellants' contention that since nine days had elapsed between the purchase of drinks on the premises and the application for the warrant, the officer could no longer be positive that alcoholic beverages were still there for the purpose of sale. Without such positive knowledge, they assert, the probable cause for the issuance of a night warrant was lacking and the resulting search was illegal.

■ A similar argument was made in Williams v. District of Columbia, D.C. Mun.App., 167 A.2d 893 (1961), where we said that the test of whether too long a period of time had passed between the commission of unlawful acts and the issuance of a warrant is one of reasonableness, although a less flexible standard is applied when the warrant is one that must be based on "positive" knowledge. There we held that a lapse of four days was not unreasonable, stating that:

"* * * It would be * * * reasonable to conclude in the instant case that the club was still in operation four days after the initial inspection, and even if the liquor there on June 21 were consumed that the stock would have been replenished. In other words, affiant's positive knowledge goes to the operation of an 'after-hours' club dispensing liquors, and not necessarily to any specific kind or amount of liquor." (167 A.2d at 895–896.)

■ Where alcoholic beverages are purchased in circumstances indicating a continuing business in the sale of illicit liquor, there is a strong presumption that the liquor will be found on the premises for a reasonable time thereafter. Williams v. District of Columbia, supra; Murby v. United States, 2 F.2d 56 (1st Cir. 1924); People v. Montgomery, 27 Ill.2d 404, 189 N.E.2d 327 (1963); State v. Cooper, 154 A. 423, 9 N.J.Misc. 342 (1931); State v. Best, 150 A. 44, 8 N.J.Misc. 271 (1930); Syrakas v. State, 227 Wis. 59, 277 N.W. 621 (1938). Here the police officer described the premises as having a bar and a bartender, tables enough for at least twenty persons, and food and beverage service. Moreover, when he returned the following weekend he was informed that the "club" was still in operation. These facts were sufficiently persuasive for the formulation of his "positive" belief that the business was continuing and that alcoholic beverages were still on the premises nine days after he had made the purchase and one day after he was refused admittance.

■ Appellants further contend that the five-day delay in the execution of the warrant was unreasonable and that the evidence should have been suppressed on this ground. We note, however, that since an after-hours liquor establishment might operate only on weekend evenings, it was reasonable to wait until the following weekend to execute the warrant. Moreover, since Code 1961, § 25–129(i) and the warrant itself provide that it must be executed within ten days, execution before the expiration of that time limit was seasonable. See

Mitchell v. United States, 103 U.S.App.D.C. 341, 258 F.2d 435 (1958).

Appellants raise other points in their assignment of errors, but as no argument was presented on them, they are considered waived. In any event, the errors alleged were nonprejudicial.

Affirmed.