THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CRAIG M. REHKOPF et al., Defendants-Appellees.

Second District    Nos. 2—86—0274, 2—86—0275 cons.

Opinion filed March 31, 1987.

820

Robert J. Morrow, State's Attorney, of Geneva (Robert J. Biderman and Rebecca L. White, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Fred M. Morelli, Jr., and Sharon C. O'Neil, both of Morelli & Simpson, of Aurora, for appellees.

JUSTICE NASH delivered the opinion of the court:

After a suppression hearing, the trial court granted a motion by defendants, Craig and Mary Lou Rehkopf, to suppress evidence seized pursuant to a Federal search warrant on the ground that the information contained in an underlying affidavit was stale and thus insufficient to establish probable cause. The State appeals, contending the trial court erred in suppressing the evidence.

On January 18, 1985, a warrant authorizing the search of defendants' home in Aurora, Illinois, for two .22-caliber Baretta silencers and related documents was issued by a United States magistrate based on an affidavit submitted by Michael Van Amburgh, a special agent for the Bureau of Alcohol, Tobacco and Firearms (BATF). In his affidavit, Van Amburgh alleged that on October 26, 1984, he received copies of two invoices from a BATF agent in Washington, D.C., regarding the sale of silencer parts. An invoice from S.W.D., Inc., located in Atlanta, Georgia, indicated that on December 22, 1983, defendant, Craig Rehkopf, had purchased two Baretta .22-caliber silencer parts sets with barrel by mail order for delivery to his Aurora home. The second invoice, dated December 23, 1983, reflected the sale of two Baretta .22-caliber silencer tubes, 10 sets of .22-caliber wipes, which are spare internal parts for a silencer, and five sets of M10 9-millimeter wipes from L & M Guns.

Van Amburgh also alleged in the affidavit that, in his experience, silencer components are bought for personal use and stored in the buyer's residence for long periods of time. He also stated that as of November 30, 1984, BATF agents had executed 11 search warrants on the homes of customers of L & M Guns and S.W.D., Inc., and had recovered 49 silencers, 8 silencer kits, and 43 machine guns, most of which had been ordered several months to a year prior to the search. Consent searches of the residences of other customers of L & M Guns and S.W.D., Inc., had also resulted in the recovery of over 100 silencers. Van Amburgh then alleged that Craig Rehkopf had not registered any silencers with the BATF, as required by Federal law, and the possession of unregistered silencer parts sets and silencer tubes violated Federal criminal laws.

On January 21, 1985, Van Amburgh conducted a search of defendants' Aurora residence with other BATF agents and members of the Aurora police department. In the course of the search, they seized a Baretta .22 with a silencer, a pistol, a shotgun, silencer components, two bags of cocaine, and various drug para-

phernalia. The following day, defendants, Craig and Mary Lou Rehkopf, were indicted by the State of Illinois for the offenses of unlawful possession of a controlled substance (Ill. Rev. Stat. 1985, ch. 56½, par. 1402(b)), unlawful possession of a controlled substance with intent to deliver (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(a)(2)), and unlawful possession of cannabis (Ill. Rev. Stat. 1985, ch. 56½, par. 704(e)).

On October 18, 1985, defendants filed a motion to quash the search warrant and to suppress the evidence obtained under it. At a hearing on the matter, Aurora police officer Thomas Lukas testified that, during the search, he called the State's Attorney's office to inquire whether a State search warrant was required and was informed that it was not. On March 13, 1986, the trial court found that, although the officers had relied in good faith on the search warrant, the 13-month period between the orders of the silencer components by defendant and the issuance of the search warrant had rendered the information stale. The trial court then granted defendants' motion to quash the warrant and this appeal followed.

The State contends the trial court erred in granting defendants' motion to quash the search warrant and suppress the evidence, arguing that the information relied upon to establish probable cause, that defendant ordered silencer parts 13 months prior to issuance of the warrant, was not stale.

■■ ■ Probable cause for the issuance of a search warrant exists if the facts and circumstances set forth in the affidavit would be sufficient to cause a person of reasonable caution to believe that the offense has occurred and that evidence of it is at the place to be searched. (*People v. Stewart* (1984), 104 Ill. 2d 463, 476, 473 N.E.2d 1227, *cert. denied* (1985), 471 U.S. 1120, 86 L. Ed. 2d 267, 105 S. Ct. 2368; *People v. Miller* (1983), 115 Ill. App. 3d 592, 599, 450 N.E.2d 767, *appeal denied* (1983), 96 Ill. 2d 547, *cert. denied* (1984), 465 U.S. 1033, 79 L. Ed. 2d 701, 104 S. Ct. 1302.) Although there is no set rule establishing the time within which a complaint for a search warrant must be made, the passage of time between the evidence of a crime's having been committed and the complaint for a search warrant affects whether probable cause exists. (*People v. Montgomery* (1963), 27 Ill. 2d 404, 405, 189 N.E.2d 327; *People v. McCoy* (1985), 135 Ill. App. 3d 1059, 1067, 482 N.E.2d 200; *People v. Evans* (1978), 57 Ill. App. 3d 1044, 1050, 373 N.E.2d 524.) Whether or not the information relied upon for a finding of probable cause is stale depends upon the facts of the particular case. (*People v. Dolgin* (1953), 415 Ill. 434, 442, 114

N.E.2d 389; *People v. McCoy* (1985), 135 Ill. App. 3d 1059, 1067, 482 N.E.2d 200), and a trial court's determination on a motion to suppress will not be disturbed unless it is manifestly erroneous (*People v. Neal* (1985), 109 Ill. 2d 216, 218, 486 N.E.2d 898; *People v. Williams* (1986), 140 Ill. App. 3d 116, 124, 488 N.E.2d 587).

■ In determining whether probable cause is valid or stale, it has been said that the court should examine several factors: whether the evidence sought is particularly incriminating in itself; whether the items are likely to remain in the possession of the suspect in connection with his business or personal affairs; whether the objects are portable and easily moved; whether the suspect has had opportunities to remove or destroy the items; and the suspect's relationship to the place to be searched. (2 W. LaFave, Search & Seizure sec. 3.7(a), at 82-86 (1987).) However, the single most important factor in determining whether probable cause is valid or stale is whether or not the defendant was engaged in a continuing course of criminal conduct. *People v. Dolgin* (1953), 415 Ill. 434, 442, 114 N.E.2d 389; *People v. McCoy* (1985), 135 Ill. App. 3d 1059, 1067, 482 N.E.2d 200.

■ Here, the silencer components were inherently incriminating, were apparently intended for defendant's personal use, were easily moved, and the place to be searched was the defendants' own home. These factors, when considered within the context of the 13-month lapse between the last date of information concerning the silencer parts and the date of issuance of the search warrant, suggest that defendant had had at least some motivation and ample opportunity to remove the components. Most importantly, there was no suggestion in the affidavit that defendant was in the business of selling silencers or otherwise engaged in a continuing course of criminal activity. The only factor tending to show the continued existence of probable cause 13 months after the purchase was Van Amburgh's statement that silencer components are typically purchased for personal use and usually stored in residences for long periods of time. We do not regard this factor as decisive in light of the extended period of time involved and the fact that there were no allegations that defendant was not engaged in the occupation of selling silencers. We conclude that the trial court correctly determined that the information of defendant's purchase was insufficient to establish probable cause that he had the silencer components in his home 13 months later.

We are supported in this decision by cases from other jurisdictions which generally uphold search warrants for the discovery of

weapons only where the period of time involved is minimal. (See *United States v. Gann* (9th Cir. 1984), 732 F.2d 714 (3 weeks not too long as to clothing worn and weapons used in bank robbery); *Bastida v. Henderson* (5th Cir. 1973), 487 F.2d 860 (probable cause where 10 days elapsed as to pistols used in armed robbery); *Jensen v. State* (Del. 1984), 482 A.2d 105 (27 days not too long as to clothing and gun used in rape); *Gatling v. State* (1977), 38 Md. App. 255, 380 A.2d 654 (probable cause existed to search robber's car for gun 4 days after robbery).) For a case involving a more similar fact situation, see *Sexton v. State* (Del. 1979), 397 A.2d 540 (probable cause had elapsed after month and a half as to gun which defendant kept for personal use and was known to have used in target practice).

■■ The State next contends that the evidence should not be suppressed because the searching officers relied in good faith upon the Federal warrant. In *United States v. Leon* (1984), 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405, the Supreme Court modified the exclusionary rule to allow the State to use evidence obtained by officers acting in good faith and in reasonable reliance on a search warrant issued by a detached and neutral magistrate, but ultimately found to be unsupported by probable cause. (468 U.S. 897, 919-20, 82 L. Ed. 2d 677, 204 S. Ct. 3405.) The good faith exception was adopted and applied by the Illinois Supreme Court in *People v. Stewart* (1984), 104 Ill. 2d 463, 477, 473 N.E.2d 1227, *cert. denied* (1985), 471 U.S. 1120, 86 L. Ed. 2d 267, 105 S. Ct. 2368.

Here, the trial court expressly found that the Aurora police officers acted in good faith, but the court apparently concluded that the *Leon* exception was inapplicable because the officers did not act pursuant to a State search warrant or because the Federal warrant did not list the cocaine and drug paraphernalia, which were the bases of the State charges against defendants, as objects of the search. However, defendants do not contend, and we see no reason to consider, that *Leon* is inapplicable where State officers rely in good faith on a Federal search warrant. Nor do we believe, in the absence of contrary authority, that the *Leon* exception is inapplicable where items not enumerated in a warrant are properly seized under the plain view doctrine. We conclude the trial court erred in failing to apply the good-faith exception to the facts of the present case.

Defendants argue, however, that the officers did not act in good faith because one officer contacted the State's Attorney's of-

fice to determine whether or not a State search warrant was required. The fact that the officers found that a State search warrant was unnecessary demonstrates that they relied exclusively on the Federal search warrant as authority for the search, and we cannot say that the officer's inquiry as to the need for a State warrant indicates a lack of good faith.

■ Defendants also argue that the conduct of the officers does not fall within the good-faith exception because the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." (*United States v. Leon* (1984), 468 U.S. 897, 923, 82 L. Ed. 2d 677, 683, 104 S. Ct. 3405, 3408.) Defendants assert that the staleness of the information and the fact that the affidavit does not expressly allege that defendant committed a Federal offense rendered the officers' reliance on the affidavit unreasonable.

We believe the affidavit provided a sufficient basis for the officers to conclude that probable cause existed for the issuance of the search warrant. Although the information upon which the warrant was based was over a year old, Van Amburgh's statement that silencer components could usually be found in a purchaser's residence for an extended period of time after the purchase was sufficiently relevant so that the officers' belief that probable cause existed was not unreasonable. Defendants fail to provide any authority for the proposition that an affidavit must expressly state a suspect has committed an offense.

Accordingly, the judgment of the circuit court suppressing evidence is reversed and this cause remanded for further proceedings.

Reversed and remanded.

LINDBERG, P.J., and UNVERZAGT, J., concur.