THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEPHEN M. SELLERS, Defendant-Appellant.

Third District   No. 3—91—0341

Opinion filed November 13, 1992.

Michael T. Van Der Veen and Stephen M. Komie, both of Komie & Associates, of Chicago, for appellant.

William Herzog, State's Attorney, of Kankakee (John X. Breslin and Lawrence Michael Kaschak, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HAASE delivered the opinion of the court:

The defendant, Stephen M. Sellers, was convicted of unlawful manufacture of cannabis, unlawful possession of cannabis, and unlawful possession of a Cannabis sativa plant (Ill. Rev. Stat. 1991, ch. 56½, pars. 705(e), 704(e), 708(d)). The trial court sentenced him to 36 months' probation and fined him $3,059. He appeals, contending that the trial court erred in denying his motion to quash the search warrants and suppress the evidence seized pursuant thereto.

On July 25, 1988, the defendant's nephew, Dustin Lawrence, broke into the defendant's house and took cash and personal checks. As Lawrence fled the crime scene, he was identified by the defendant's girlfriend. Later, the defendant reported the crime to the police. Police officers Ray Fairfield and Pamela Regas interviewed the defendant about the crime at his home in the kitchen and dining room. The officers then inspected the basement windows, which were suspected as the point of entry for the burglary.

Sometime between July 28, 1988, and August 11, 1988, Lawrence forged the defendant's signature on one of the stolen checks and then cashed it for $250 in Indiana. On August 11, 1988, Kankakee County Sheriff's Deputy Charles Wilson questioned Lawrence about the incident. At that time, Lawrence confessed that he had burglarized the defendant's home, stolen a check, forged the defendant's signature on the check, and then cashed it. Lawrence further stated that while he was in the process of burglarizing the defendant's home, he observed cannabis.

Based on the above information, Deputy Wilson prepared a complaint for a search warrant which stated that while Lawrence was in-

side the defendant's residence, he observed, in the defendant's bedroom, cannabis, cannabis seeds, "Magic Mushrooms" (Pslocybin), and a scale. According to the complaint, Lawrence stated that he had removed the scale from the bedroom but later returned it to the defendant. The complaint further stated that Lawrence told the deputy that he knew the defendant had been selling drugs at his residence for the last six years. Lawrence also told the deputy that he had bought "Magic Mushrooms" from the defendant.

After reviewing the complaint for search warrant, the trial court issued a warrant to search the defendant's residence. The police executed the search warrant on August 11, 1988, and seized marijuana from the defendant's house and backyard. A second warrant was also issued and executed on the following day. The complaint for the second warrant consisted of the same allegations as the first complaint, except that it included a list of items seized during the August 11 search.

Prior to trial and during trial, the defendant filed motions to quash the search warrants and to suppress the evidence seized pursuant thereto. The trial court denied the motions. Following a bench trial, the defendant was convicted of unlawful manufacture of cannabis, unlawful possession of cannabis, and unlawful production of a Cannabis sativa plant.

On appeal, the defendant argues that the trial court erred in denying the defendant's motion to quash the search warrants and suppress all the evidence seized pursuant to the warrants. The defendant initially suggests that the two-pronged *Aguilar-Spinelli* test was not satisfied here. He further contends that the informant was unreliable and that the complaint for the search warrant failed to establish that drugs would likely be found at the defendant's residence.

■ In *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509, and *Spinelli v. United States* (1969), 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584, the Supreme Court established a two-prong test in which information provided by an informant was required to include facts establishing the reliability of the informant and his basis of knowledge before probable cause to issue a warrant could be found. The Supreme Court, however, rejected the *Aguilar-Spinelli* two-pronged test in *Illinois v. Gates* (1983), 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317. (*Massachusetts v. Upton* (1984), 466 U.S. 727, 80 L. Ed. 2d 721, 104 S. Ct. 2085.) The Supreme Court in *Upton* clarified its position regarding probable cause determinations based on an informant's tip:

"We did not [in *Illinois v. Gates* (1983), 462 U.S. 213, 76 L. Ed. 2d 721, 104 S. Ct. 2317,] merely refine or qualify the 'two-pronged test.' We rejected it as hypertechnical and divorced from the 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' [Citation.] Our statement on that score was explicit. '[W]e conclude that it is wiser to abandon the "two-pronged test" established by our decisions in *Aguilar* and *Spinelli*. In its place we reaffirm the totality-of-the-circumstances analysis that traditionally has informed probable-cause determinations.' [Citation.]" (*Massachusetts v. Upton* (1984), 466 U.S. 727, 732, 80 L. Ed. 2d 721, 726-27, 104 S. Ct. 2085, 2087.) Thus, the sufficiency of a complaint rests on whether the complaint, considered as a whole, adequately establishes that there was "a fair probability that \*\*\* evidence of a crime would be found in a particular place." (*Illinois v. Gates* (1983), 462 U.S. 213, 238, 76 L. Ed. 2d 527, 548, 103 S. Ct. 2317, 2332; *People v. Jones* (1985), 105 Ill. 2d 342, 357, 475 N.E.2d 832, 839.) A reviewing court should not conduct a *de novo* review, but rather should give great deference to the initial determination of probable cause. *People v. Seats* (1984), 121 Ill. App. 3d 637, 460 N.E.2d 110.

■ Here, the complaint alleged that Lawrence personally observed marijuana in the defendant's residence. The defendant's own girlfriend confirmed that Lawrence had been in the defendant's house. Lawrence also stated that the defendant had sold drugs at the house for the last six years and that he had bought illegal drugs from the defendant. Lawrence's statements that he had personally bought illegal drugs from the defendant, that he had burglarized the defendant's home, and that he had illegally forged and negotiated a check were declarations against penal interest and support a finding that his statements as an eyewitness were reliable. (See *United States v. Harris* (1971), 403 U.S. 573, 29 L. Ed. 2d 723, 91 S. Ct. 2075.) Under the circumstances, we conclude that there were sufficient facts to establish that there was a fair probability that evidence of a crime would be found at the defendant's residence. Accordingly, we find that the warrant was properly issued.

The defendant further argues that the delay from the time that Lawrence observed the cannabis until the time that the warrant was issued and executed negated the existence of probable cause.

We disagree. There is no hard and fast rule concerning the time within which a search warrant should be made, except that it should not be too remote. *(People v. Montgomery* (1963), 27 Ill. 2d 404, 189

N.E.2d 327.) Moreover, if the defendant is engaged in a continuing course of conduct, it is a factor supporting the validity of the warrant. *People v. Rehkopf* (1987), 153 Ill. App. 3d 819, 506 N.E.2d 435.

■■ Here, the informant alleged that the defendant had been selling drugs for the past six years. It was reasonable to assume that this was an ongoing process and that the items mentioned by Lawrence would still be located at the defendant's residence. The 15-day delay from the time that the contraband was first observed was not unreasonable.

For the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

GORMAN and McCUSKEY, JJ., concur.