NO. 4-98-0221

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

          Plaintiff-Appellee,       ) Circuit Court of

          v.                        ) Macon County

NICHOLAS W. HANCOCK,                ) No. 96CF1386

          Defendant-Appellant.      )

                                    ) Honorable

                                    ) John K. Greanias,

                                    ) Judge Presiding.

_________________________________________________________________

JUSTICE McCULLOUGH delivered the opinion of the court:

Following a jury trial in the circuit court of Macon County, defendant Nicholas W. Hancock was found guilty of unlawful possession of a controlled substance with intent to deliver, unlawful possession of a controlled substance, unlawful use of weapons, and two counts of armed violence.  720 ILCS 570/401(a)(2)(A), 402(a)(2)(A); 5/24-1(a)(4), 33A-2 (West 1996).  Defendant was sentenced to concurrent terms of imprisonment of 17 years on one count of armed violence, 12 years on the other count of armed violence, 10 years for possession of a controlled substance with intent to deliver, and three years for unlawful use of weapons, with credit for 49 days previously served.  The unlawful possession conviction was found to have merged into the conviction for unlawful possession with intent to deliver.  He was ordered to pay a $50 laborato­ry fee (730 ILCS 5/5-9-1.4(b) (West 1996)), $3,000 drug treatment assessment fee (720 ILCS 570/411.2 (West 1996)), and $3,700 street-value fine (720 ILCS 570/411.1 (West 1996)).

On appeal, the issues are whether (1) the "no-knock" search warrant should have been quashed and the evidence obtained as a result of the search sup­pressed for one or more of the following reasons:  (a) the statute authorizing no-knock searches (725 ILCS 5/108-8(b) (West 1996)) was unconsti­tu­tional, (b) the facts did not justify the issuance of a no-knock search warrant, (c) stale information in the com­plaint for search warrant did not establish probable cause, (d) the informant was not reliable, and (e) police corroboration was insufficient; (2) defendant's motion to sup­press evidence of his statements to po­lice was improperly denied; (3) the armed violence counts should have been dismissed on the basis of de­fendant's pretrial and posttrial motions because they violated defendant's rights to due process (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2) and the guarantee of proportion­ate penalties (Ill. Const. 1970, art. I, §11); (4) the trial court improperly denied defendant's motion 
in
 
limine
 relating to evidence of other crimes; (5) the trial court errone­ously re­

fused defendant's tendered nonpattern jury instruc­tions relating to armed vio­lence and evidence of other crimes; (6) the State failed to prove beyond a reasonable doubt the defendant was armed within the meaning of the armed violence statute; and (7) the sentences were excessive.  We affirm.  

Defendant filed a motion to suppress evidence obtained as a result of a search in this case on the grounds that the search warrant was an unconstitutional "no-knock" warrant.  The trial court denied the motion.  The trial court's ruling on a motion to suppress evidence is subject to reversal only if manifestly erroneous, unless the trial court's determination involved the application of law to uncontroverted facts, in which case the reviewing court considers the matter 
de
 
novo
.  
People v. Krueger
, 175 Ill. 2d 60, 64, 675 N.E.2d 604, 607 (1996).

On December 18, 1996, officers of the Illinois State Police Drug Task Force X were involved in an ongoing investigation of narcotic sales by defendant.  Pursuant to the investigation, confidential informant Larry Richardson purchased cocaine from defendant on August 1, 1996.  An indictment for that offense was returned against defendant on December 5, 1996, in Macon County case No. 96-CF-1377.  An arrest warrant was issued in that case and was outstanding on December 19, 1996.  

On December 19, 1996, Richardson related to Sergeant Brian Henn of Task Force X that he had been at defendant's apartment that morning, at which time defendant sold cannabis to another individu­al and offered to sell cocaine to Richardson.  During the cannabis sale, defendant retrieved a .25 caliber pistol from his bedroom and showed the pistol to Richardson and the other individual.  Defendant also retrieved a pistol-grip shotgun from his bedroom and showed it to the person buying the cannabis.  Richardson reported defendant, with whom he had frequent contact, was nearly always in possession of a pistol, even when away from his residence in his car.  In addition, defendant stated to Richardson that he carried the shotgun concealed in his coat and had, on one occasion, pulled the shotgun from his coat to scare or threaten another individual.

Based on this information, a controlled purchase of cocaine by Richardson from defendant was executed that day.  Continuous surveillance was begun on defendant's apartment beginning at 12:30 p.m.  Richardson was provided with prerecorded money and equipped with a court-authorized audio-recording device.  He arrived at defendant's apartment at 2:21 p.m., entered, and purchased cocaine from defendant.  Richardson met with Henn at 2:45 p.m. and delivered the cocaine in question to Henn.  Richardson reported that, in addition to defendant, defendant's sister and an unknown white female were in the apartment.  Richardson was shown three bags of cocaine by defendant and purchased one bag.  While in the apartment, defendant discussed the sale of a pistol and a shotgun by defendant to Richardson.

At 3:06 p.m., a "no-knock" search warrant was obtained.  The complainants in the complaint for search warrant were Henn and a person identified by the assumed name of "Tim Dunn" (acknowledged by the parties to be Richardson).  The complaint stated that (1) between December 10 and 19, 1996, Henn knew that the confidential source had provided reliable informa­tion during an ongoing investigation, the informa­tion had been corrobo­rated, and the confidential source participat­ed in controlled purchases from defen­dant; (2) on two separate occasions, the confidential source was provided currency to purchase cocaine from defendant at defendant's residence, 2465 Country Trails, apartment 14, Decatur, Illinois; and, after exiting the premises, the confidential source released to Henn a quantity of cocaine that had been purchased from defendant; (3) searches of the confidential source before and after the con­trolled purchases turned up no other money or contraband; (4) at the time of the second buy, the confidential source observed an additional quantity of cocaine in defendant's resi­dence; (5) on December 19, 1996, the confidential source was again at defendant's residence and had a conversa­tion about the purchase and delivery of cocaine; (6) while inside defendant's residence during a drug transaction between December 10 and 19, 1996, the confidential source observed in defendant's possession a sawed-off shotgun with a pistol grip and a small caliber semiautomatic handgun; and (7) the confidential source had observed defendant retrieve the shotgun from a closet in the bedroom belonging to defendant.  The complaint for search warrant did not say that a no-knock warrant was requested, but Henn testified he made an oral request to the issuing judge in which Henn related incidents about defendant threatening someone with the shotgun.  According to Henn, the no-

knock warrant was needed for officer safety.  The issuing judge interviewed the confiden­tial source before issuing the search warrant.  The complaint was signed and sworn to by both complain­

ants before the judge, and the issuing judge made a handwritten notation "No knock authorized," which he initialed, and wrote "No Knock" at the top of the search warrant.

During surveillance of defendant's apartment, in addition to observing Richardson enter and depart, three white males were seen entering the building at 2:55 p.m.  At 3:05 p.m., defendant's sister and the other female left the building.  At 3:10 p.m., the white males left the building.  At 3:15 p.m., defendant left the building and drove off.  Defendant was stopped and arrested at 3:20 p.m. pursuant to the arrest warrant in Macon County case No. 96-CF-

1377.  A loaded .25 caliber pistol with a round in the chamber was found under the driver's seat when the defendant was arrested.

Officers subsequently executed the search warrant at the apartment, gaining entry with a master key.  The officers effectu­

ated a no-knock entry, even though defendant was already arrested, because Henn was not sure other individuals had not entered the premises without being observed.  No persons were present in the apartment when the search warrant was executed.  A large quantity of cocaine and money was found.  In addition, a shotgun and ammunition of the same gauge, as well as a SKS semiautomatic rifle, were found in an open closet in defendant's bedroom.  A box of .25 caliber ammunition was discovered in a chest of drawers in the bedroom.

In December 1996 when the warrant was issued and executed, section 108-8(b) of the Code of Criminal Procedure of 1963 (Code) authorized the trial judge in certain circumstances to order a no-knock entrance.  In 
Krueger
, 175 Ill. 2d at 69, 675 N.E.2d at 609, the Illinois Supreme Court held that section 108-

8(b)(2) violated constitutional guarantees against reasonable searches and seizures.  In 
People v. Wright
, 183 Ill. 2d 16, 24, 697 N.E.2d 693, 696 (1998), section 108-8(b)(1) was found unconsti­

tutional for the same reasons.  However, that determination does not dispose of this issue since a no-knock warrant could have been issued in the absence of the statute.  We note that section 108-

8(b) has since been amended (Pub. Act 90-456, §20, eff. January 1, 1998 (1997 Ill. Laws 5159, 5162) (725 ILCS 5/108-8(b) (West Supp. 1997)).

The right to be free from unreasonable searches and seizures is guaranteed by the fourth and fourteenth amendments to the United States Constitution (U.S. Const., amends. IV, XIV; 
Elkins v. United States
, 364 U.S. 206, 213, 4 L. Ed. 2d 1669, 1675, 80 S. Ct. 1437, 1442 (1960) (fourth amendment provision applies to state officials through the fourteenth amendment)) and the Illinois Constitution (Ill. Const. 1970, art. I, §6).  
Krueger
, 175 Ill. 2d at 65, 675 N.E.2d at 607.  The requirement that searches and seizures be reasonable incorporates a long-standing knock-and-

announce practice, but does not mandate a rigid rule of announce­

ment in every situation, so that an unannounced entry may be constitutionally reasonable where a threat of physical violence exists or officers have reason to believe evidence will be destroyed if advance notice is given.  
Krueger
, 175 Ill. 2d at 66-

67, 675 N.E.2d at 608, citing 
Wilson v. Arkansas
, 514 U.S. 927, 931-36, 131 L. Ed. 2d 976, 980-84, 115 S. Ct. 1914, 1916-19 (1995).  In 
Krueger
, the court recognized that the purposes for requiring announcement prior to entry are:  

"(1) to decrease the potential for violence, as it is recognized that an unannounced break­

ing and entering could easily lead the occu­pants to take defensive measures; (2) to protect privacy as much as possible by giving the occupants notice of the impending intru­

sion by police and time to respond; and (3) to prevent the physical destruction of property where it is not necessary."  
Krueger
, 175 Ill. 2d at 66, 675 N.E.2d at 608.

When the occupant is absent from the dwelling, only the third, and least significant, of the factors is involved, and it is futile for the police to announce and wait for refusal of admittance to a dwelling when no one is home.  See 
Payne v. United States
, 508 F.2d 1391, 1393-94 (5th Cir. 1975).  In 
United States v. Brown
, 556 F.2d 304, 305 (5th Cir. 1977), the court noted it was equally futile to announce to an unoccupied building that officers had a search warrant, where the officers did not know, but were reason­ably certain, it was not occupied, and the warrant was not executed by forcible entry.

Since defendant was not present and no property damage was incurred as a result of the unannounced entry, defendant's constitu­tional rights have not been violated.  

Defendant was given leave by the trial court to file a second motion to suppress challenging the sufficiency of the allegations in the complaint for search warrant.  This motion was also denied by the trial court.  No witnesses were presented at the hearing on the motion, and the parties merely argued the sufficien­

cy of the allegations to support the issuance of the warrant. 

Defendant argues the search warrant should have been quashed because (1) the stale information in the complaint did not establish probable cause, (2) the informant was not shown to be reliable, and (3) the information provided by the informant was not sufficiently corroborated by the police.  We disagree.

"The judge asked to issue the search warrant may draw reasonable inferences from the mate­rial supplied in support of the com­

plaint for search warrant.  
People v. Payne
, 239 Ill. App. 3d 698, 704, 607 N.E.2d 375, 380 (1993).  The complaint or affidavit is not required to show beyond a reasonable doubt that the war­rant should be issued.  
People v. Stewart
, 104 Ill. 2d 463, 476-77, 473 N.E.2d 1227, 1232 (1984).  The complaint must de­

scribe with particu­lar­i­ty the place or person, or both, to be searched and the things to be seized.  725 ILCS 5/108-3(a) (West 1996).  Although it may not be easy to determine when an affidavit demonstrates the existence of probable cause in a particular case, doubtful or marginal cases are largely resolved by resorting to the preference accorded to war­

rants.  
Stewart
, 104 Ill. 2d at 477, 473 N.E.2d at 1233, quoting 
United States v. Ventresca
, 380 U.S. 102, 109, 13 L. Ed. 2d 684, 689, 85 S. Ct. 741, 746 (1965)."  
People v. Cooke
, 299 Ill. App. 3d 273, 278, 701 N.E.2d 526, 529-30 (1998). 

When the informant has appeared before the issuing judge, the informant is under oath, and the judge has had the opportu­nity to personally observe the demeanor of the informant and assess the informant's credibili­ty, additional evidence relating to informant reliability and corroboration by police as discussed in 
Illinois v. Gates
, 462 U.S. 213, 238-39, 76 L. Ed. 2d 527, 548, 103 S. Ct. 2317, 2332 (1983), is not necessary.  
People v. Phillips
, 265 Ill. App. 3d 438, 448, 637 N.E.2d 715, 721 (1994).  Here, as in 
Phillips
, the informant was an affiant to the complaint and he recited facts he personally observed, so that a further showing of reliability of the informant is not constitu­tionally required.

"In determining whether probable cause is valid or stale, it has been said that the court should examine several factors:  whether the evidence sought is particularly incrimi­

nating in itself; whether the items are likely to remain in the possession of the suspect in connection with his business or personal affairs; whether the objects are portable and easily moved; whether the suspect has had opportuni­ties to remove or destroy the items; and the suspect's relationship to the place to be searched.  (2 W. LaFave, Search & Seizure sec. 3.7(a), at 82-86 (1987).)  Howev­er, the single most important factor in deter­mining whether probable cause is valid or stale is whether or not the defendant was engaged in a continuing course of criminal conduct.  
People v. Dolgin
 (1953), 415 Ill. 434, 442, 114 N.E.2d 389; 
People v. McCoy
 (1985), 135 Ill. App. 3d 1059, 1067, 482 N.E.2d 200."  
People v. Rehkopf
, 153 Ill. App. 3d 819, 823, 506 N.E.2d 435, 437-38 (1987).

In 
Rehkopf
, a 13-month lapse between the date of last information about silencer parts and the date of issuance of the search warrant was insufficient to establish probable cause where there was no information defendant was in the business of selling silencers or otherwise engaged in a continuing course of criminal activity.  
Rehkopf
, 153 Ill. App. 3d at 823, 506 N.E.2d at 438.  In 
People v. Sellers
, 237 Ill. App. 3d 545, 549, 604 N.E.2d 993, 996 (1992), a 15-day delay from the time the contraband (cannabis) was first observed was not unreasonable where it was alleged defendant had been selling drugs for the past six years and it was reasonable to assume this was an ongoing process and the items sought would still be located at defendant's residence.

This case is more like 
Sellers
.  Defendant had sold the informant cocaine from his residence within the last 10 days; the informant had seen additional cocaine in defendant's residence; and on the day the warrant was issued, the defendant and the informant had discussed entering into another cocaine transac­tion.  The denial of the second motion to suppress was not error.

[Nonpublishable material under Supreme Court Rule 23 omitted.]

The judgment of the circuit court of Macon County is affirmed.

Affirmed.

COOK and GARMAN, JJ., concur.