**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190653-U

Order filed April 29, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 9th Judicial Circuit, Knox County, Illinois, |
| Plaintiff-Appellant, | ) ) | Appeal No. 3-19-0653 |
| v. | ) ) | Circuit No. 18-CF-679 |
| BRYAN E. KELLEY, | ) ) | Honorable Curtis S. Lane, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE WRIGHT delivered the judgment of the court.
Justices Daugherity and O'Brien concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court erred by suppressing evidence that was seized pursuant to a search warrant. Alternatively, even if the search warrant was issued in error, the good faith exception applies.

¶ 2     The circuit court granted a motion to suppress evidence that was seized by law enforcement based on a judicially approved search warrant. The circuit court found the search warrant was incorrectly issued because it was not supported by probable cause. The State argues that the search warrant was properly issued. Alternatively, the State contends the good faith

exception to the exclusionary rule should have been recognized by the circuit court. We reverse and remand.

¶ 3                                     I. BACKGROUND

¶ 4        The State charged defendant with unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(c)(2) (West 2018)) and unlawful possession of a controlled substance (id. § 402(c)). The charges arose from the discovery and seizure of cocaine by law enforcement when executing a judicially issued search warrant.

¶ 5        Defendant filed a pretrial motion to suppress the evidence gathered pursuant to the search warrant. The motion to suppress alleged the complaint for search warrant did not establish probable cause and should have been summarily denied.

¶ 6        The State opposed the motion to suppress on two grounds. First, the State asserted an examination of the face of the complaint for search warrant and the attached affidavit from a private citizen was sufficient to establish probable cause. Alternatively, the State urged the circuit court to deny the motion to suppress based on the good-faith exception to the exclusionary rule.

¶ 7        The complaint for search warrant was presented by Detective Mings, who was employed by the Galesburg Police Department, to the judge for approval. The complaint incorporated an affidavit signed by both Mings and a private citizen identified only as "John Doe." The complaint alleged that within the preceding 48 hours, John Doe was present at 274 Garfield Avenue, Galesburg, Illinois, for the purpose of bidding on a construction job. According to the complaint, defendant lived at the residence with his girlfriend, Jamie.[1] John Doe witnessed events while present at 274 Garfield Avenue, Galesburg, Illinois, that caused him to believe

---

[1]At different points in the record, Jamie was referred to as Jamie, Jamie Tucker a/k/a Jamie Rice, Jamie Tucker, or Jamie Rice. For purposes of clarity, this order refers to her as Jamie.

illegal substances were being sold and distributed from that location. Further, Doe came forward after becoming "extremely upset" by the situation because three children were present in the household when the exchange occurred. Doe observed three children were also present and acted like the transaction was an ordinary occurrence. The complaint stated the following:

"John Doe observed a black/male he knew as [defendant] entered into the kitchen and met with another older black/male. John Doe advised he observed [defendant] open up a drawer on the table in the kitchen and retrieved a plastic baggie which contained a silver dollar size of a hard white substance which he believed to be crack cocaine. John Doe advised he has seen crack cocaine on law enforcement shows before and it looked just like it and was hard and not in powder form. John Doe advised [defendant] broke off a piece of the hard white substance and weighed it on a digital scale in the kitchen then placed the hard white substance in a plastic bag and tied it with his hands. John Doe advised [defendant] bit off the loose end of the plastic baggie not containing the suspected drugs. John Doe advised the older black gentlemen handed [defendant] money and [defendant] handed him what he believed to be crack cocaine. John Doe advised after the drug deal the older black gentlemen left the residence and got into his vehicle in the driveway. John Doe advised he could tell the older black gentlemen who received the suspected drugs wasn't happy [John Doe] was in the house. John Doe advised [defendant] threw the money into the drawer. John Doe advised the drawer contained [a] sandwich bag of cannabis a little more than the hard white substance. John Doe advised the drawer appeared to contain a large amount of loose United States Currency."

3

¶ 8    According to the complaint for search warrant, Detective Mings showed Doe a photograph of defendant, and Doe identified the person depicted in the photograph as the same individual who he witnessed selling the suspected drugs at the subject residence. Doe indicated he knew that person by the name of Bryan Kelley.

¶ 9    Mings also showed Doe a photograph of the residence at 274 Garfield Avenue, Galesburg, Illinois. Doe identified the residence depicted in the photograph as the same residence where Doe witnessed the suspected drug deal.

¶ 10    Mings showed Doe a photograph of Jamie. Doe identified the person depicted in the photograph as the same individual he knew as Jamie, who dated defendant. Doe asserted that Jamie worked at Sirloin Stockade and that Jamie and defendant were buying the subject residence from her grandparents.

¶ 11    The complaint for search warrant also revealed that both the Galesburg Police Department database and Jamie's Illinois driver's license showed her address as 274 Garfield Avenue, Galesburg, Illinois. The water account for that address was in the name of Cheryl Tucker. Jamie's Facebook account had a profile photograph of Jamie and defendant.

¶ 12    The complaint for search warrant asserted that defendant was a known drug dealer and had a criminal history of 10 charges for "[d]angerous [d]rugs" with 7 convictions. Defendant was listed as being on parole with his address as 1130 East South Street in Galesburg.

¶ 13    Doe personally appeared before the judge who issued the warrant and that judge verified the information provided by Doe under oath. In a handwritten note on the signed search warrant application, the court wrote that it "found J.D. to be credible."

4

¶ 14       Upon executing the search warrant, the officers discovered and seized suspected cocaine, suspected crack cocaine, suspected cannabis, a grinder containing suspected cannabis, and "baggie corners used in drug distrubution [*sic*]." In addition, the officers discovered and seized defendant's Illinois identification card and birth certificate at the residence.

¶ 15       Defendant's motion to suppress included an attached affidavit from Jamie. Jamie's affidavit disputed that any person entered the residence for purposes of a construction bid within 48 hours of the complaint for search warrant. Jamie denied working at Sirloin Stockade. Jamie also denied that defendant resided at the subject residence and denied that she and defendant had plans to purchase the residence. Jamie further asserted that she cared for four children on a full-time basis, not three as alleged.

¶ 16       At the suppression hearing, the State argued that the complaint for search warrant, incorporated affidavit, and personal appearance of Doe before the judge, provided ample probable cause to support the search warrant. Alternatively, the State argued the officers that executed the search warrant relied on the signed search warrant in good faith, such that the evidence seized during that search should not be suppressed.

¶ 17       Following two hearings before different judges, the circuit court granted the motion to suppress. Relying largely on this court's opinion in *People v. Pruitte*, 2019 IL App (3d) 180366, the circuit court determined that the complaint seeking the warrant was bare bones, too broad and too general, such that the good-faith exception to the exclusionary rule did not apply. Following the court's ruling, the State filed a certificate of impairment, pursuant to Illinois Supreme Court Rule 604 (eff. July 1, 2017), and notice of appeal.

¶ 18                                II. ANALYSIS

¶ 19        On appeal, the State's arguments are consistent with the arguments the State presented in the trial court in opposition to defendant's motion to suppress. For purposes of this appeal, the State contends that this particular complaint for search warrant and signed affidavit, together with Doe's personal appearance before the judge, provided ample probable cause to support the search warrant. Alternatively, the State also submits the officers executing the search warrant acted in good faith. Conversely, in this appeal, defendant claims the circuit court properly suppressed evidence because the complaint for search warrant and the attached affidavit contained skeletal information that did not establish probable cause.

¶ 20        Both the United States Constitution and the Illinois Constitution protect against unreasonable searches and only allow the issuance of warrants upon probable cause. U.S. Const., amend. IV; Ill. Const. 1970, art. I, § 6. "[A] detached judicial officer must resolve the question of whether probable cause exists to justify issuing a warrant." *People v. Tisler*, 103 Ill. 2d 226, 236 (1984). "Whether probable cause exists in a particular case turns on the ' "totality of the circumstances and facts known to the officers and court when the warrant is applied for." ' " *People v. Manzo*, 2018 IL 122761, ¶ 29 (quoting *Tisler*, 103 Ill. 2d at 236, quoting *People v. Free*, 94 Ill. 2d 378, 400 (1983)). "[T]he existence of probable cause in a particular case means simply that the totality of the facts and circumstances within the affiant's knowledge at that time 'was sufficient to warrant a person of reasonable caution to believe that the law was violated and evidence of it is on the premises to be searched.' " *People v. McCarty*, 223 Ill. 2d 109, 153 (2006) (quoting *People v. Griffin*, 178 Ill. 2d 65, 77 (1997)). A reviewing court does not substitute its judgment for that of the

warrant judge, but instead determines whether the warrant judge had a substantial basis for concluding there was probable cause. *Id.*

¶ 21    In this case, the circuit court carefully considered recent case law from this court before granting the motion to suppress. The circuit court relied heavily on the split decision in *People v. Pruitte*, 2019 IL App (3d) 180366, ¶ 3. Due to some significant factual differences, we conclude our holding in *Pruitte* does not control the outcome of this appeal.

¶ 22    For example, the information supporting the request for a search warrant in *Pruitte* was provided by a criminal informant with pending criminal charges. In *Pruitte*, the informant was hoping to receive favorable treatment from the prosecutor after providing information to law enforcement. *Pruitte*, 2019 IL App (3d) 180366, ¶ 3. Unlike *Pruitte,* the information in this case was supplied by a concerned citizen who personally appeared before the judge. Significantly, the court noted, in writing, that the judge found Doe to be a credible person. See *People v. Hancock*, 301 Ill. App. 3d 786, 792 (1998) ("When the informant has appeared before the issuing judge, the informant is under oath, and the judge has had the opportunity to personally observe the demeanor of the informant and assess the informant's credibility, additional evidence relating to informant reliability and corroboration by law enforcement as discussed in *Illinois v. Gates*, 462 U.S. 213, 238-39 *** (1983), is not necessary.").

¶ 23    When considering the totality of the circumstances, it is noteworthy that Doe gave a detailed eyewitness account. According to Doe, it appeared to Doe that the person making a purchase appeared displeased that Doe was present. In addition, Doe described the location of the contraband, gave descriptions of the packaging and the placement of cash

into a kitchen drawer, and provided an account of defendant's movements that caused Doe to conclude he was witnessing a drug deal.

¶ 24     Finally, unlike the informant in *Pruitte*, Doe's reasoning for reporting the criminal activity was not self-serving. Instead, Doe notified the authorities out of a genuine concern for the well-being of the children that were present at the time of the transaction. See *People v. Linley*, 388 Ill. App. 3d 747, 750 (2009) (recognizing that "information from a concerned citizen is ordinarily considered more credible than a tip from an informant who provides information for payment or other personal gain").

¶ 25     While less significant, Detective Mings corroborated the broader details provided by Doe, such as the fact that Jamie resided at that particular address and defendant's criminal history included multiple drug-related convictions. In addition, Ming presented photographs of the location and the faces of defendant and Jamie for Doe to view. After doing so, Doe confirmed that the photographs depicted the residence, as well as the persons Doe described in his affidavit. Mings also corroborated that defendant and Jamie knew each other by viewing Jamie's Facebook profile photograph depicting Jamie and defendant posing together.

¶ 26     After taking all of these factors into consideration, we conclude the search warrant was supported by probable cause and properly issued. Thus, the evidence obtained pursuant to the execution of a valid search warrant should not have been suppressed.

¶ 27     Finally, although we conclude the search warrant was properly issued, officers executing this particular search warrant could have objectively had a reasonable, good-faith belief that they were conducting a lawful search based on the search warrant issued by a judge. *U.S. v. Leon*, 468 U.S. 897, 920-21 (1984); *People v. Kornegay*, 2014 IL App

8

(1st) 122573, ¶¶ 37-42. Therefore, even if the search warrant had not been properly issued, the good-faith exception would apply and the evidence should not have been suppressed.

¶ 28                                  III. CONCLUSION

¶ 29          The judgment of the circuit court of Knox County is reversed and remanded.

¶ 30          Reversed and remanded.