581 N.E.2d 648 (1991)
144 Ill.2d 404
163 Ill.Dec. 494
In re D.G., a Minor (The People of the State of Illinois, Appellee,
v.
D.G., Appellant).
No. 70864.
Supreme Court of Illinois.
October 17, 1991.
Robert Agostinelli, Deputy Defender, Thomas A. Karalis, Asst. Defender, Office of the State Appellate Defender, Ottawa, for appellant.
Roland W. Burris, Atty. Gen., Springfield, Rosalyn B. Kaplan, Solicitor Gen., Terence M. Madsen, Bradley P. Halloran, Asst. Attys. Gen., Chicago, for the People.
Justice CLARK delivered the opinion of the court:
Respondent, D.G., was found guilty of violating his probation (Ill.Rev.Stat.1987, ch. 37, par. 805-25) by committing the offense of theft. The trial court sentenced him to a five-day term in the juvenile detention center and a probationary term of 18 months. The appellate court, with one justice dissenting, affirmed. (202 Ill.App.3d 805, 148 Ill.Dec. 238, 560 N.E.2d 636.) We granted respondent's petition for leave to appeal (134 Ill.2d R. 315).
The issue in this case is whether the police had probable cause to arrest respondent. The facts of the case are not in dispute. On June 2, 1989, Officer Larry Layman of the Peoria police department responded to a report of suspicious behavior at a savings and loan located in the Northwoods Shopping Mall in Peoria. When Layman arrived the manager of the savings and loan told him that a young boy had recently exchanged approximately $1,000 in small bills for larger denominations. Officer Layman viewed the security videotape of the transaction and estimated the boy to be approximately 12 to 13 years old. Layman then left to search for the boy in the mall.
Ten minutes after leaving the savings and loan, Layman observed respondent, whom he recognized from the security video, walking near the mall with his brother. *649 Respondent was carrying four bags from the Toys R Us store while his brother was carrying one bag from that store. In Officer Layman's opinion, respondent's attire and appearance indicated that he could not afford to spend substantial amounts of money on toys. Layman drove along side respondent and told him to get in the car. At this point, Layman saw respondent place a wallet in the waistband of his pants.
When respondent was in the car, Layman asked respondent "[w]here the rest of the money [was]." Respondent stated that he did not have any money left. At Layman's direction, respondent then gave his wallet to Layman. Layman searched the wallet and found approximately $410, in denominations ranging from $1 to $50 bills. In response to Layman's questions, respondent stated that he stole the money from his grandmother. Layman then drove respondent and his brother to the police station for further questioning.
At the time he ordered respondent into the car, Layman was not aware that any crime had been committed in the area. Layman stated that he was merely investigating "a suspicious boy with a substantial amount of money" to determine where he got the money. In fact, the police did not discover that a crime had actually been committed until over an hour later when respondent confessed that he stole the money from a video arcade.
Prior to trial, respondent filed motions to quash his arrest and suppress evidence. The trial court granted the motion to suppress statements made prior to Miranda warnings, but denied the motion to quash arrest and suppress other evidence. The trial court found that probable cause existed for the arrest.
Whether probable cause exists is a mixed question of law and fact. (People v. Lippert (1982), 89 Ill.2d 171, 177, 59 Ill. Dec. 819, 432 N.E.2d 605.) Ordinarily, a trial court's ruling on a motion to quash will not be reversed unless manifestly erroneous. (People v. Foskey (1990), 136 Ill.2d 66, 76, 143 Ill.Dec. 257, 554 N.E.2d 192.) However, where neither the facts nor credibility of the witnesses is contested, the issue of whether probable cause exists is a legal question which a reviewing court may consider de novo. Foskey, 136 Ill.2d at 76, 143 Ill.Dec. 257, 554 N.E.2d 192.
Because a determination of whether probable cause existed must be made as of the time of arrest, we must first decide when respondent was arrested. An arrest occurs when the circumstances are such that a reasonable person, innocent of any crime, would conclude that he was not free to leave. (People v. Wright (1985), 111 Ill.2d 128, 145, 95 Ill.Dec. 787, 490 N.E.2d 640.) We agree with the appellate court's conclusion that respondent was arrested at the time he entered the squad car. Layman testified that at this point he considered respondent to be in custody. In addition, before he asked defendant any questions regarding the source of the money, Layman first confiscated defendant's wallet which contained approximately $410. Under the circumstances, we believe that respondent, a 13-year-old boy, would think that he was not free to leave. Based on these facts, we believe defendant was arrested at the time he was ordered into the squad car. Because there was no warrant for defendant's arrest, we must decide whether there was probable cause to arrest at that time.
The probable cause requirement of the fourth amendment strikes a balance between the individual's right to privacy and the need for efficient law enforcement. (People v. Moody (1983), 94 Ill.2d 1, 7, 67 Ill.Dec. 795, 445 N.E.2d 275.) Probable cause exists when police "`have knowledge of facts which would lead a reasonable man to believe that a crime has occurred and that it has been committed by the defendant.'" (Wright, 111 Ill.2d at 145, 95 Ill. Dec. 787, 490 N.E.2d 640, quoting People v. Eddmonds (1984), 101 Ill.2d 44, 60, 77 Ill. Dec. 724, 461 N.E.2d 347.) Probable cause "requires more than mere suspicion, but it does not require the arresting officers to have in their hands evidence sufficient to convict the defendant." Moody, 94 Ill.2d at 7, 67 Ill.Dec. 795, 445 N.E.2d 275.
*650 "Where there is uncertainty as to whether a crime has been committed, the privacy rights may be given more consideration. (People v. Reynolds (1983), 94 Ill.2d 160, 166 [68 Ill.Dec. 122, 445 N.E.2d 766]; People v. Lippert (1982), 89 Ill.2d 171, 179-80 [59 Ill.Dec. 819, 432 N.E.2d 605], cert. denied (1982), 459 U.S. 841, 74 L.Ed.2d 85, 103 S.Ct. 92.)" (Wright, 111 Ill.2d at 146, 95 Ill.Dec. 787, 490 N.E.2d 640.) Therefore, where the question is whether a crime has been committed, as opposed to whether a particular individual committed a known crime, more evidence will be required to satisfy the probable cause requirement. With these principles in mind, we turn to the facts in the instant case.
Probable cause to arrest respondent existed only if the facts known to Officer Layman at the time he ordered respondent into the squad car would warrant a man of reasonable caution to believe that a crime had been committed and that respondent committed it. At the time of the arrest, Layman knew that respondent had recently exchanged approximately $1,000 in small bills for larger denominations, and that respondent possessed four bags which appeared to be filled with toys. The appellate court held that probable cause existed because of these objective facts, combined with Layman's subjective belief, based on respondent's age and attire, that respondent could not afford to spend large amounts of money on toys. We disagree.
We fail to see any facts which were known to the officer at the time of the arrest which would warrant a man of reasonable caution to believe a crime had been committed. When Officer Layman arrested respondent, he was not aware that a crime had been committed in the vicinity, much less a crime committed by someone matching respondent's description. Possession of $1,000 by a minor is not a crime and, although this fact may arouse suspicion, this fact alone does not create probable cause to believe that the minor has committed a crime. There are numerous ways in which a 13-year-old could accumulate $1,000 legally. Nor do we believe that the fact the minor spent the money on toys adds anything to the probable cause analysis. The crime, if any, will relate to how respondent obtained the money, not how he spent it.
Where, as here, the police are unaware that any crime has been committed, we do not think that mere possession of $1,000 by a minor creates probable cause to arrest. Under the facts of this case, we conclude that a reasonable man of caution would not conclude that a crime has been committed by the minor. We find that the officer's arrest was based on a mere hunch rather than probable cause.
Because we find that respondent was arrested when Layman ordered him into the car, we need not address the State's alternative argument that the police action was justified as an investigatory stop under Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.
For the foregoing reasons, we reverse the judgments of the appellate and circuit courts.
Judgments reversed.
HEIPLE, J., took no part in the consideration or decision of this case.
Chief Justice MILLER, dissenting:
I do not agree with the court's conclusion that the police officer in the present case lacked probable cause to arrest the respondent minor. Accordingly, I dissent.
The respondent minor, accompanied only by his younger brother, exchanged more than $1,000 in small bills for larger denominations at a savings and loan office in a Peoria shopping mall. Afterwards, the two youths went to a nearby toy store and succeeded in spending more than half that sum. In the meantime, a police officer was called to the savings and loan facility, where he spoke with the branch manager and viewed a videotape of the respondent's transaction. The officer was able to determine from the videotape that the respondent was only 12 or 13 years old. The officer spotted the two youngsters a short time later in the vicinity of the mall and, acting without an arrest warrant, took them into custody. The respondent was *651 then carrying four "Toys R Us" shopping bags filled with merchandise; his younger brother was carrying one similar bag. Investigating officers learned after the arrest that the respondent had stolen perhaps as much as $1,157 in currency from a video arcade earlier that day. At the time of his arrest, the respondent had $410 in cash in his wallet. The toys in his possession were worth $645.
A warrantless arrest is valid only if it is supported by probable cause. (Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142, 145; People v. Montgomery (1986), 112 Ill.2d 517, 525, 98 Ill.Dec. 353, 494 N.E.2d 475.) Probable cause exists when the facts and circumstances known to the arresting officer are such that a reasonably prudent person would believe that the person arrested has committed or is committing an offense. (Beck, 379 U.S. at 91, 85 S.Ct. at 225, 13 L.Ed.2d at 145; Montgomery, 112 Ill.2d at 525, 98 Ill.Dec. 353, 494 N.E.2d 475; see also Ill. Rev.Stat.1989, ch. 38, par. 107-2(1)(c) (police officer may make warrantless arrest when officer "has reasonable grounds to believe that the [arrestee] is committing or has committed an offense").) The probable cause standard is intended to provide a "`practical, nontechnical conception.'" (People v. Wright (1985), 111 Ill.2d 128, 146, 95 Ill.Dec. 787, 490 N.E.2d 640, quoting Illinois v. Gates (1983), 462 U.S. 213, 231, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527, 544.) Evidence that will sustain a conviction is not required, but more than mere suspicion is necessary. Brinegar v. United States (1949), 338 U.S. 160, 174-76, 69 S.Ct. 132, 1310-11, 93 L.Ed. 1879, 1889-90.
The majority opinion reverses the judgments of the courts below and holds that the police officer did not have probable cause to place the respondent minor under arrest. In reaching that conclusion, however, the majority examines only the amount of money involved in the present case (see 144 Ill.2d at 410-11, 163 Ill.Dec. at 496, 581 N.E.2d at 650), ignoring a number of additional facts that provided crucial support for the officer's action. In my view, the circumstances in the present case were sufficient to supply the arresting officer with probable cause to arrest the respondent.
As the record reveals, the respondent, accompanied only by a younger brother, took more than $1,000 in small bills to a savings and loan office. There, the respondent converted the money into larger denominations. The respondent then left the office. A short time later, he had in his possession four large "Toys R Us" bags filled with merchandise; his companion possessed one similar but smaller bag. Throughout this period, the respondent was without adult supervision. Aware of all these circumstances, the arresting officer, with 15 years' experience on the Peoria police department, had reasonable grounds to believe that an offense had been committed and that the respondent had committed it. The youthfulness of the respondent, the large amount of cash in his possession, his exchange of the money, his rapid purchases, the young age of his companion, and the absence of any adult escort: these circumstances in concert are sufficient to sustain the officer's action, and I would uphold the judgments of the courts below.
CUNNINGHAM, J., joins in this dissent.