NO. 4-97-0955

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

          Plaintiff-Appellant,      ) Circuit Court of

          v.                        ) Mason County

KENNETH L. COOKE,                       ) Nos. 96CF135

          Defendant-Appellee.       )     96CM396

)

                                    ) Honorable

                                    ) M. Carol Pope,

                                    ) Judge Presiding.

_________________________________________________________________

JUSTICE McCULLOUGH delivered the opinion of the court:

The State appeals pursuant to Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)) from the order of the circuit court of Mason County quashing a search warrant and suppressing evidence in two cases against the defendant, Kenneth L. Cooke.  In Mason County case No. 96-CF-135, defendant was charged in two counts with unlawful possession of a weapon by a felon and unlawful use of a weapon.  720 ILCS 5/24-1(a)(6), 24-1.1(a) (West 1996).  In Mason County case No. 96-CM-396, he was charged in three counts with unlawful possession of a hypodermic syringe or needle, drug paraphernalia, and cannabis.  720 ILCS 635/1, 550/4(b) (West 1996).  In the trial court, these cases were treated as consolidated cases, without objection, even though no specific order of consolidation is found in the record.  The issues are whether (1) the affida­vits filed in support of the complaint for search warrant suf­ficiently established probable cause; and (2) if probable cause to issue a search warrant was lacking, the evi­dence discovered in the 

subsequent search was nevertheless admissible under the good-faith exception to the exclusionary rule.  We reverse and remand.

Defendant's motion to quash the search warrant and suppress evidence challenged the complaint for search warrant and the affidavit attached thereto as facially defective.  The complaint for search warrant filed December 11, 1996, by Inspector Rod Boggs, of the Illinois State Police, read as follows:

"Complainant, Insp. Rod Boggs, of the Illinois State Police, State of Illinois, upon oath, complains to and informs said Court.

(1) That Complainant states facts con­

tained in the attached Affidavit to support the complaint and to show probable cause for the issuance of the Search Warrant prayed for.

(2) That the following described place or person, or both, are to be the subject of the requested search; the residence of Kenneth L. Cooke located at 26197 Sandy Ridge Lane, Topeka, Mason County, Illinois.  The residence can be described as a white mobile home with black trim setting on the north-south axis with an entrance located on the east side and a bay window on the north end of the mobile home.  The mobile home is partially surrounded by a white stockade fence.  This residence is the last residence located on the west side of 

Sandy Ridge Lane, approximately 1/4 of a mile east of Cactus Drive.

(3) That the following things are to be seized:  Any and all cannabis and/or con

trolled substances, paraphernalia used in the packaging and/or private use and processing of cannabis and/or controlled substances includ­

ing but not limited to triple beam scales, plastic bags, ties; razor blades, as well as any and all documents relating to the sale or distribution of cannabis and/or controlled substances, U.S. currency including but not limited to pre-recorded OAF listed in the Affidavit, firearms and ammunition, documents indicating residency.

WHEREFORE, complainant prays that a Search Warrant may issue according to law."

The supporting affidavit read:

"I, Insp. Rod Boggs, being first duly sworn under oath state as follows:

I have been a police officer for eight years and I am currently assigned to the Illinois State Police Drug Task Force.

On December 10, 1996 at approximately 9:30 a.m. I, Insp. Rod Boggs, met with the 

                 the confidential source saw

confidential source and was informed of/ the

following:  that on Sunday, December 8, 1996[,] located at 26197 Sandy Ridge Lane, Tope­ka, Mason County, Illi­nois[,] known as the resi­dence of Kenneth L. Cooke, is a con­tainer approxi­mately 9x13x3 containing pur­ported cannabis and also drug paraphernalia within the resi­dence.  The confidential source also informed the R.I. that located within the residence is a long gun (shot gun or rifle) and at least one pistol which Kenneth L. Cooke carries on his person.  The R.I. checked on the criminal history of Kenneth L. Cooke and confirmed that Mr. Cooke is a convicted felon and currently has no valid [Firearm Owners Identification (FOID)] card.

The undersigned knows of no reason why such confidential source is not reliable.  The level of detail provided by the confidential source is such that the undersigned believes the confidential source to be of reliable nature.

Further Affiant Sayeth Not."

On December 13, 1996, Judge Thomas Brownfield issued a warrant to search the described premises at 26197 Sandy Ridge Lane, Topeka, Mason County, Illinois, and to seize items as requested in the complaint.

Defendant's motion to suppress was heard by Judge M. Carol Pope on June 24, 1997.  No witnesses were presented at that hearing.  Following the hearing, the cause was taken under 

advisement.  On July 1, 1997, the trial court entered an order:  (1) acknowledging that the State had attempted to raise the good-

faith exception in a telephonic conference call after the hearing over defendant's objection to the timeliness of the argument; (2) giving the State 10 days to file a pleading raising the good-faith exception; and (3) finding the search warrant affidavit defective for the following reasons:

"The affidavit in the case at bar does not disclose reasons to support the conclusion that the confidential source is reliable.  Nor does it disclose any basis to show the infor­

mant had any experience or expertise in iden­

tifying cannabis or drug paraphernalia.  
Cf
., 
People v. Eddie Payne
, 239 Ill. App. 3d 698, 702-703 (5th Dist. 1993).  There is absolutely no independent corroboration of the informa­

tion provided by the informant, nor any infor­mation from which the reliability and veracity of the informant could be judged.

While the affidavit contains a con­

clusionary statement that 'the level of detail provided by the confidential source is such that the undersigned believes the confi­dential source to be of reliable nature,' the af­

fidavit does not relate those details."

On July 8, 1997, the State filed a motion to reconsider challenging the trial court's findings with regard to the affidavit and raising the good-faith exception.  A hearing on the motion was conducted on September 23, 1997.  Again, no witnesses were presented.  On October 2, 1997, the trial court entered an order quashing the warrant and suppressing all evidence seized pursuant to it.  The trial court found that the good-faith exception did not apply because the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence unreasonable."  In addition, the order found that the affidavit did not provide a substantial basis for determining probable cause.  The order expressly incorporated by reference the trial judge's reasoning expressed at the end of the hearing on September 23, 1997.  At the hearing, the trial judge had rejected the argument that the fact the investigator confirmed defendant was a convicted felon and currently had no valid FOID card somehow corroborated the informa­

tion provided by the infor­mant.  The trial judge explained more fully the belief this was a bare-bones affidavit that did not invoke the good-faith exception.  The trial judge noted (1) the affidavit did not indicate the informant told the investigator that it was illegal for defendant to possess weapons; (2) it did not incorporate any information provided by the informant; (3) there was no information from which the validity and veracity of the informant could be judged; and (4) Boggs' statement that he knew of no reason why the informant was not reliable did not provide the court with any information about the informant's reliability. 

Generally, a trial court's ruling on a motion to suppress will not be set aside unless manifestly erroneous.  
People v. Miller
, 173 Ill. 2d 167, 181, 670 N.E.2d 721, 728 (1996); 
People v. Moore
, 294 Ill. App. 3d 410, 415, 689 N.E.2d 1181, 1184 (1998).  However, the determina­tion of the existence of probable cause is a mixed question of law and fact.  When the facts and the credibil­i­ty of witnesses are not contested, whether probable cause exists is a question of law which the reviewing court considers 
de
 
novo
.  
In re D.G.
, 144 Ill. 2d 404, 408-09, 581 N.E.2d 648, 649 (1991).  See also 
People v. Wright
, 183 Ill. 2d 16, 21, 697 N.E.2d 693, 695 (1998).  This is particu­lar­ly true in this case where there were no witnesses, the underlying facts are not in dispute, and the only question is the adequacy of the affidavit attached to the complaint for warrant.  

Therefore, this court will apply the 
Gates
 (
Illinois v. Gates
, 462 U.S. 213, 238-39, 76 L. Ed. 2d 527, 548, 103 S. Ct. 2317, 2332 (1983)) standard without deference to the trial court's suppres­sion order.  Although the 
Gates
 standard gives some deference to the determina­tion of the judge issuing the warrant, courts of review will not blindly follow that finding by deferring to a warrant based on an affidavit that does not provide a substantial basis for determining the existence of probable cause.  
People v. Hieber
, 258 Ill. App. 3d 144, 149, 629 N.E.2d 235, 238 (1994), citing 
United States v. Leon
, 468 U.S. 897, 915, 82 L. Ed. 677, 693, 104 S. Ct. 3405, 3416 (1984).

In 
Gates
, the Supreme Court replaced the two-pronged test applied in 
Aguilar v. Texas
, 378 U.S. 108, 114-15, 12 L. Ed. 2d 723, 729, 84 S. Ct. 1509, 1514 (1964), and 
Spinelli v. United States
, 393 U.S. 410, 415-16, 21 L. Ed. 2d 637, 643, 89 S. Ct. 584, 588-89 (1969), with a totality of the circumstances analysis.  The judge asked to issue the search warrant makes a practical, commonsense decision of whether, given all the circumstances set forth in the affidavit, "including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."  
Gates
, 462 U.S. at 238, 76 L. Ed. 2d at 548, 103 S. Ct. at 2332.  This standard, applied 
under the fourth amendment to the United States Constitution in 
Gates
 (U.S. Const., amend. IV), also applies under the Illinois Constitution (Ill. Const. 1970, art. I, §6).  
People v. Tisler
, 103 Ill. 2d 226, 245-46, 469 N.E.2d 147, 157 (1984).

The judge asked to issue the search warrant may draw reasonable inferences from the material supplied in support of the complaint for search warrant.  
People v. Payne
, 239 Ill. App. 3d 698, 704, 607 N.E.2d 375, 380 (1993).  The complaint or affidavit is not required to show beyond a reasonable doubt that the warrant should be issued.  
People v. Stewart
, 104 Ill. 2d 463, 476-77, 473 N.E.2d 1227, 1232 (1984).  The complaint must describe with particu­lar­i­ty the place or person, or both, to be searched and the things to be seized.  725 ILCS 5/108-3(a) (West 1996).  Although it may not be easy to determine when an affidavit demonstrates the existence of probable cause in a particular case, doubtful or marginal cases are largely resolved by resorting to the preference accorded to warrants.  
Stewart
, 104 Ill. 2d at 477, 473 N.E.2d at 1233, quoting 
United States v. Ventresca
, 380 U.S. 102, 109, 13 L. Ed. 2d 684, 689, 85 S. Ct. 741, 746 (1965).

Defendant argues the affidavit in this case does not provide a high enough level of self-verifying detail or indicate sufficient corroboration by the police to ascertain the informant's veracity or basis of knowledge.  Defendant relies on 
Gates
 and 
Draper v. United States
, 358 U.S. 307, 309-10, 3 L. Ed. 2d 327, 329-30, 79 S. Ct. 329, 331 (1959).  See also 1 W. LaFave & J. Israel, Criminal Procedure §3.3, at 198-202 (1984).  In both cases, police were able to observe the defendants' actions, which were consistent with and corroborated the information supplied by the source.

In 
People v. Seats
, 121 Ill. App. 3d 637, 643-44, 460 N.E.2d 110, 115 (1984), the source's basis of knowledge was deemed sufficient since (1) she had seen some of the stolen property, including a black medical bag; (2) such a bag had been reported stolen from a nurse's office; (3) the informant gave the address of defendants' residence and the officer confirmed that they lived there; and (4) the officer knew defendants were not engaged in the practice of medicine and it would be unreasonable for such persons to possess a black medical bag.  The totality of the circumstances was deemed to support the issuance of the warrant, and the granting of the motion to suppress was reversed.

In this case, the source informed Boggs that on December 10, 1996, the source observed a "long gun (shotgun or rifle)" located within the residence located at 26197 Sandy Ridge Lane, Topeka, which was "known as the residence of" defendant.  In addition, the source informed Boggs that defendant carried a pistol on his person.  Boggs confirmed that defendant was a convicted felon and had no valid FOID card.  The trial court's statement in support of its granting the motion to quash, that the informant did not know defendant was a convicted felon, does not affect the validity of the affidavit.  The source also identi­fied a container of "canna­bis" and the presence of "drug parapher­nalia" within the residence.  To get a search warrant, all that had to be disclosed was that defendant was at this location, had actual possession of a weapon, and was a felon.  The source would not have been able to describe the weapons had the source not seen them, or to state that defendant was carrying a pistol.  It does not matter whether the source was inside the residence or outside the residence when the observations were made.

Defendant argues that the affidavit does not explain how it was concluded that the residence was "known as the residence of" defendant.  Defendant cites no authority that states it has to be defendant's residence if he was a felon observed to be in posses­

sion of a weapon at that location.  Although the affidavit does not make it clear that the informant knew it was defendant's residence, it is sufficient if Boggs knew it was defendant's residence.  On this affidavit, the issuing judge could reasonably conclude that one of them knew it was defendant's residence.  Moreover, the State does not have to prove constructive possession beyond a reasonable doubt to establish probable cause to obtain a search warrant.  At least as to the search for weapons, there was a substantial basis for a finding of probable cause.  The warrant was valid as to the search for weapons, ammunition, and documents indicating residence and relating to the weapons.  A search warrant being partially invalid does not render the whole warrant invalid.  
People v. Blake
, 266 Ill. App. 3d 232, 242, 640 N.E.2d 317, 324 (1994), quoting 
People v. Velez
, 204 Ill. App. 3d 318, 329, 562 N.E.2d 247, 253 (1990).

As to the issuance of the warrant with regard to the search for cannabis and drug paraphernalia, there is no indication in the affidavit that the source is a person with a background that would enable that person to identify cannabis or that defendant represented the substance to be cannabis.  The affidavit does not contain a specific description of the drug paraphernalia or explain how the source could recognize it as drug paraphernalia.  Neverthe­

less, even assuming a partial invalidity of the search warrant, the good-faith exception applies to this case.

The Code of Criminal Procedure of 1963 provides with regard to the good-faith exception as follows:

"(1) If a defendant seeks to suppress evidence because of the conduct of a peace officer in obtaining the evidence, the State may urge that the peace officer's conduct was taken in a reasonable and objective good[-] faith belief that the conduct was proper and that the evidence discovered should not be sup­pressed if otherwise admissible.  The court shall not suppress evidence which is otherwise admissible in a criminal proceeding if the court determines that the evidence was seized by a peace officer who acted in good faith.

(2) 'Good faith' means whenever a peace officer obtains evidence:

(i) pursuant to a search or an arrest warrant obtained from a neutral and detached judge, which warrant is free from obvious defects other than non-deliberate errors in preparation and contains no material misrepre­

sentation by any agent of the State, and the officer reasonably believed the warrant to be valid."  725 ILCS 5/114-12(b)(1), (b)(2)(i) (West 1996).

This exception, announced in 
Leon
, 468 U.S. at 922-23, 82 L. Ed. 2d at 698-99, 104 S. Ct. at 3420-21, was applied by the Supreme Court of Illinois in 
Stewart
, 104 Ill. 2d at 477, 473 N.E.2d at 1233.

"The Supreme Court in 
Leon
 emphasized that it was not suggesting that exclusion is always inappropriate in cases where an officer has obtained a warrant and abided by its terms, and declared that exclusion is still called for whenever the officer lacks reason­

able grounds for believing that the warrant was properly issued.  (
United States v. Leon
 (1984), 468 U.S. 897, 922-23, 82 L. Ed. 2d 677, 698, 104 S. Ct. 3405, 3420.)  The court listed four such situations:  (1) where the judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth (see 
Franks v. Delaware
 (1978), 438 U.S. 154, 155-56, 57 L. Ed. 2d 667, 672, 98 S. Ct. 2674, 2676); (2) where the issuing judge wholly abandoned his judicial role in the manner condemned in 
Lo-Ji Sales, Inc. v. New York
 (1979), 442 U.S. 319, 60 L. Ed. 2d 920, 99 S. Ct. 2319; (3) where the affidavit is so lack­

ing in indicia of probable cause as to render official belief in its existence entirely unreasonable (see 
Brown v. Illinois
 (1975), 422 U.S. 590, 610-11, 45 L. Ed. 2d 416, 431, 95 S. Ct. 2254, 2265, (Powell, J., concurring in part)); and (4) where a warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid (see 
Massachusetts v. Sheppard
 (1984), 468 U.S. 981, 988-91, 82 L. Ed. 2d 737, 743-45, 104 S. Ct. 3424, 3427-29); 
United States v. Leon
 (1984), 468 U.S. 897, 923, 82 L. Ed. 2d 677, 698-99, 104 S. Ct. 3405, 3421.  See generally 1 W. LaFave, Search & Seizure sec. 1.3(f), at 63-73 (2d ed. 1987)."  
People v. Bohan
, 158 Ill. App. 3d 811, 818, 511 N.E.2d 1384, 1389 (1987).

In the case at bar, it is argued, and the trial court found, the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.

Defendant relies on 
Hieber
, 258 Ill. App. 3d at 152, 629 N.E.2d at 240, which concluded that, "if a *** reviewing court would find a clear lack of probable cause, this is sufficient to suppress evidence."  
Hieber
, in turn, relied on 
People v. Reed
, 202 Ill. App. 3d 760, 764, 559 N.E.2d 1169, 1172 (1990), in which the court stated:  "[T]he good-faith exception does not apply to a search warrant that is based on a 'bare[-]bones' affidavit."  Absent the quotation of 
Reed
, the 
Hieber
 analysis seems question­

able.  Police officers executing a warrant do not have recourse to a reviewing court to determine in advance whether reliance on the warrant is reasonable.  Moreover, if simply an absence of probable cause defeats the exception, what good is the exception?  How "clear" must the lack of probable cause be for the police officers to be not acting in good faith?

The 
Hieber
 court found not only an absence of probable cause to issue a search warrant, but also concluded that the good-

faith exception did not apply because the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.   
Hieber
, 258 Ill. App. 3d at 149-

52, 629 N.E.2d at 238-40.

It is not necessary to determine whether this court would have rendered the same decision under the facts in 
Hieber
.  In this case, the affidavit was not totally deficient.

In 
Reed
, not only was the search warrant so facially overbroad that the police could not reasonably believe it was valid, but the affidavit was deficient.  It did not describe or identify any of the defendants.  In 
Reed
, the court described this as a bare-bones affidavit.  Having already determined that the open-ended warrant was improperly issued, the court in 
Reed
 did not further explain the deficiencies in the affidavit.  
Reed
, 202 Ill. App. 3d at 761-64, 559 N.E.2d at 1170-72.  In this case, the partial validity of the warrant makes the executing officer's reliance on it more reasonable and, therefore, in good faith.

In 
Bohan
 the court found a close question on the existence of probable cause; decided the case on the question of good-faith alone; and found, even assuming a lack of probable cause for the issuance of the warrant, good-faith reliance was estab­

lished and that the affidavit was not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.  
Bohan
, 158 Ill. App. 3d at 817-19, 511 N.E.2d 1388-90.

A similar analysis applies in this case.  There is no indication of official misconduct or that Boggs was attempting to deceive the court or get a warrant on an improper basis.  The affidavit was not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.  The warrant was valid at least as to the search for weapons, ammuni­

tion, and documents indicating residence and relating to weapons.  As a result, good-faith reliance was estab­lished.

The order of the circuit court of Mason County quashing the search warrant and suppressing the evidence in these two cases is reversed, and the causes are remanded.

Reversed and remanded.

KNECHT and STEIGMANN, JJ., concur.