JUSTICE NEVILLE, dissenting: I respectfully dissent because (1) I do not believe that Officer Salas had knowledge of sufficient facts at the time of the initial encounter with the defendant to create a reasonable suspicion of criminal activity that would justify the investigative stop, and (2) I do not believe that Officer Salas had probable cause to arrest defendant. The Terry Stop The majority finds that it was objectively reasonable for Officer Salas to initiate a stop for investigative purposes because (1) defendant dropped his backpack and walked toward Officer Salas’s marked squad car; and (2) as defendant approached the officer, Officer Salas recognized defendant as a suspect in other residential burglaries. My review of the facts in this case leads me to conclude that Officer Salas failed to meet the first prong of Terry because the stop was not justified at its inception. Terry, 392 U.S. at 19-20, 20 L. Ed. 2d at 905, 88 S. Ct. at 1879. A Terry stop is proper if a person of reasonable caution believes that the action taken was justified knowing the facts available at the time of the stop. People v. Spann, 332 Ill. App. 3d 425, 433 (2002). The reasonableness of a Terry stop is dependent upon whether the officer’s action was: (1) justified at its inception; and (2) “reasonably related in scope to the circumstances which justified the interference in the first place.” Terry, 392 U.S. at 20, 20 L. Ed. 2d at 905, 88 S. Ct. at 1879; People v. Gonzalez, 204 Ill. 2d 220, 228-29 (2003). A Terry stop must be objectively reasonable and predicated on specific and articulable facts that, taken together with the resulting inferences, would warrant the intrusion. People v. Hopkins, 363 Ill. App. 3d 971, 981 (2005). In my opinion, viewing the totality of the circumstances, Officer Salas did not articulate sufficient facts to create a reasonable suspicion that the defendant was presently engaged in criminal activity. The facts establish that Officer Salas was not aware of any criminal activity at the time he stopped the defendant: (a) the officer investigated a residential burglary, which was not connected to the crime the defendant was suspected of committing, and discovered that nothing was stolen, and (b) the officer observed the defendant, who was a suspect in other burglaries, drop his backpack before approaching the officer. Reid v. Georgia, 448 U.S. 438, 440, 65 L. Ed. 2d 890, 894, 100 S. Ct. 2752, 2754 (1980) (While there are some circumstances where a person may be detained briefly without probable cause to arrest, any curtailment of a person’s liberty by the police must be supported by a reasonable and articulable suspicion that the person seized is engaged in criminal activity). A police officer’s suspicion about a defendant’s suspected history of criminal activity, standing alone, does not constitute a reasonable suspicion. See People v. Ortiz, 317 Ill. App. 3d 212, 225 (2000) (a person’s criminal history does not support a finding of reasonable suspicion). Individualized suspicion must be based at least in part on facts indicating possible present criminal activity. People v. Lampitok, 207 Ill. 2d 231, 257 (2003), citing Illinois v. Gates, 462 U.S. 213, 238, 76 L. Ed. 2d 527, 548, 103 S. Ct. 2317, 2332 (1983). I believe that People v. Kipfer, 356 Ill. App. 3d 132 (2005), will assist in our analysis of this case. The Kipfer court held that a police officer lacked reasonable suspicion for a Terry stop when, at 3:30 a.m., he saw the defendant come out from behind a Dumpster and walk through the parking lot of an apartment complex. The officer did not see the defendant do anything illegal, but the fact that car burglaries had recently occurred in the parking lot caused the officer to become suspicious. Kipfer, 356 Ill. App. 3d at 134. The Kipfer court found that the defendant’s presence in the parking lot at a late hour was not suspicious, and the officer failed to articulate any facts to distinguish the defendant from a resident of the apartment complex, a guest of a resident, or a mere passerby. Kipfer, 356 Ill. App. 3d at 138. The Kipfer court held that “ ‘[a]n individual’s presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime.’ ” Kipfer, 356 Ill. App. 3d at 138, quoting Illinois v. Wardlow, 528 U.S. 119, 124, 145 L. Ed. 2d 570, 576, 120 S. Ct. 673, 676 (2000); see also People v. Luedemann, 357 Ill. App. 3d 411, 424 (2005). Like the officer in Kipfer, Officer Salas did not observe defendant do anything illegal. Officer Salas merely saw defendant, a man who was suspected of criminal activity, walking down a street in a neighborhood where a burglary had been reported. Furthermore, like the defendant in Kipfer, although a burglary had been reported earlier that evening, defendant’s presence in an area of suspected criminal activity was not enough to support a reasonable, particularized suspicion that defendant had committed or was about to commit a crime. See Wardlow, 528 U.S. at 124, 145 L. Ed. 2d at 576, 120 S. Ct. at 676; Luedemann, 357 Ill. App. 3d at 424; Kipfer, 356 Ill. App. 3d at 138. Consequently, like the officer in Kipfer, Officer Salas lacked knowledge of sufficient facts to create a reasonable suspicion for a Terry stop, and the Terry stop was not justified because the defendant was a suspect in other burglaries and dropped his backpack to the ground before crossing the street to talk with the officer. I acknowledge that investigative Terry stops are evolving encounters where new facts continually emerge. However, the majority does not point to any knowledge the officer possessed or observations he made prior to the stop that would support the officer’s conclusion that defendant was engaged in criminal activity. A nervous demeanor describes a large category of citizens who encounter the police on the street. Reid, 448 U.S. at 441, 65 L. Ed. 2d at 894, 100 S. Ct. at 2754 (The fact that a person looks back at another person or the manner in which people walk through the airport does not justify a seizure). While dropping a backpack may constitute suspicious behavior, it is not a criminal offense within the purview of the Criminal Code of 1961. See 720 ILCS 5/1 — 1 et seq. (West 2004). Moreover, the inconsistent answers that were given to Officer Salas’s questions and the officer’s observations of the contents of defendant’s backpack after the Terry stop cannot be used to support the initial suspicions the officer possessed prior to the stop. The conduct justifying a stop under Terry must have been justified at the stop’s inception. People v. Thomas, 198 Ill. 2d 103, 109 (2001). Here, defendant’s conduct, prior to the stop, did not justify the Terry stop. “Viewed as a whole, the situation confronting the police officer must be so far from the ordinary that any competent officer would be expected to act quickly.” Thomas, 198 Ill. 2d at 110. Aside from defendant dropping his backpack, an innocent, legal act, the majority points to no additional information that Officer Salas possessed before stopping defendant. Consequently, it is my belief that, under Terry, Officer Salas was not justified when he stopped the defendant for investigative purposes. Probable Cause The majority also found that Officer Salas had probable cause for defendant’s warrantless arrest because of the contents of the backpack (i.e., video camera, money, collectible coins, and jewelry) and because of the circumstances that justified the Terry stop: (1) Officer Salas had investigated a burglary at a residence and discovered that nothing was stolen, but the defendant, who was depicted in flyers as a suspect in other burglaries, was observed by the officer in the same neighborhood; and (2) Officer Salas observed the defendant drop a backpack and deny ownership or possession of the backpack. I do not believe that the circumstances surrounding the Terry stop, coupled with Officer Salas’s observations when he inspected the contents of the backpack, constitute probable cause to believe that a crime had been committed and that the defendant had committed that crime. At the time of the defendant’s arrest, Officer Salas was aware that nothing was stolen from the suspected burglarized residence that he had visited and no other burglary had been reported. Based on Officer Salas’s testimony, he was uncertain, at the time of defendant’s stop and at the time of his arrest, that a crime had been committed; therefore, I find that the defendant’s privacy rights have to be considered and more evidence was required to satisfy the probable cause requirement. See In re D.G., 144 Ill. 2d 404, 409 (1991). Probable cause exists when police have knowledge of facts which would lead a reasonable man to believe that a crime has occurred and that it has been committed by the defendant. In re D.G., 144 Ill. 2d at 410. Reasonable suspicion may be raised to the level of probable cause for an arrest as a result of an investigation or police questioning of the suspect. Hopkins, 363 Ill. App. 3d at 982, citing People v. Lee, 214 Ill. 2d 476, 488 (2005). However, probable cause is not established where there is merely suspicion that the individual arrested has committed a crime. People v. Agnew, 152 Ill. App. 3d 1037, 1040 (1987). “Even if the totality of the circumstances known to the officer is enough to heighten his suspicion and justify further investigation, the officer still may not have enough information to support a warrantless arrest.” Hopkins, 363 Ill. App. 3d at 982, citing Lee, 214 Ill. 2d at 488. Where there is uncertainty as to whether a crime has been committed, the privacy rights of the individual may be given more consideration. In re D.G., 144 Ill. 2d at 410. Therefore, where the question is (1) whether a crime has been committed, and (2) whether a particular individual committed a known crime, as in this case, more evidence will be required to satisfy the probable cause requirement. In re D.G., 144 Ill. 2d at 410. In In re D.G., the Illinois Supreme Court reviewed the question of whether probable cause existed to arrest a respondent where there was uncertainty as to whether a crime had been committed. In that case, when the officer arrested respondent, the officer was not aware that a crime had been committed in the vicinity or that a crime was committed by someone matching respondent’s description. In re D.G., 144 Ill. 2d at 410. The In re D.G. court found that possession of $1,000 by a minor is not a crime and, although this fact may arouse suspicion, this fact standing alone does not create probable cause to believe that the minor has committed a crime. In re D.G., 144 Ill. 2d at 410-11. The court further found that the officer’s arrest of the respondent was based upon a mere hunch and that there was no probable cause for the arrest. In re D.G., 144 Ill. 2d at 411. The In re D.G. court held that there were no facts which were known to the officer at the time of the arrest that would warrant a man of reasonable caution to believe a crime had been committed. In re D.G., 144 Ill. 2d at 411. I believe that In re D.G. is similar to the present case. In this case, Officer Salas investigated a burglary at a residence where he discovered that nothing had been stolen. I believe that because Officer Salas discovered that nothing was stolen, uncertainty existed as to whether a crime had actually been committed. Like the respondent in In re D.G. who had $1,000 on his person, the defendant in this case had a backpack with valuable items in it — a video camera, money, collectible coins, and jewelry. Although the contents of the defendant’s backpack may have aroused Officer Salas’s suspicion, the officer’s suspicions did not provide probable cause to arrest the defendant. When at the time of the arrest the officer was uncertain that a crime had been committed, defendant’s possession of valuable items did not provide probable cause to arrest the defendant. In re D.G., 144 Ill. 2d at 411. Consequently, I find that there were no facts known to Officer Salas at the time of the arrest that would warrant a man of reasonable caution to believe that a crime had been committed. In re D.G., 144 Ill. 2d at 411. Furthermore, I believe that Agnew is instructive on the issue of whether probable cause existed in the instant case, where the burglary from which the items were stolen had yet to be reported at the time of his arrest. The Agnew court determined that the defendants’ warrant-less arrest was not supported by probable cause where, after stopping them for a traffic violation, the officer discovered that the defendants were in possession of property that was likely stolen, but no theft had been reported. Agnew, 152 Ill. App. 3d at 1042-43. Rather, the Agnew court determined that the officer arrested the defendants merely on a hunch that they had stolen the property. Agnew, 152 Ill. App. 3d at 1042-43. Ultimately, the Agnew court concluded that the defendants’ arrest before the commission of the crime could be verified was unlawful. Agnew, 152 Ill. App. 3d at 1043. In the instant case, the majority cites Agnew, but reaches a different conclusion even though the cases have similar facts: the defendant in this case was arrested before a crime was reported. Here, Officer Salas knew that the defendant was a suspect in numerous residential burglaries and the officer had a suspicion that the defendant was in possession of items that were stolen. Like the Agnew court, I do not believe the officer in this case had probable cause because he had nothing more than a mere suspicion and suspicion does not provide an officer with probable cause to justify a defendant’s arrest. Agnew, 152 Ill. App. 3d at 1043; also see Henry v. United States, 361 U.S. 98, 101, 4 L. Ed. 2d 134, 138, 80 S. Ct. 168, 170 (1959) (rumors, reports, suspicion or strong reason to suspect are not adequate probable cause to support a warrant for arrest). In People v. Reynolds, 94 Ill. 2d 160 (1983), the Illinois Supreme Court described the probable cause determination as “a compromise for accommodating the ‘often opposing interests’ of privacy and law enforcement,” and stated that “there is good reason for striking the compromise somewhat on the side of privacy where it is uncertain whether any crime has occurred.” Reynolds, 94 Ill. 2d at 166, quoting People v. Lippert, 89 Ill. 2d 171, 179-80 (1982), quoting 1 W. LaFave, Search & Seizure §3.2, at 484-85 (1978). Given the fact that no crime had been reported, the majority’s opinion in this case does not strike the proper compromise. Consequently, I believe that the defendant’s motion to quash the arrest and suppress the statement should have been granted.