NO. 4-06-0110     Filed 6/21/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Macon County |
| DARRELL LYONS, | ) | No. 05CF1121 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | James R. Coryell, |
| | ) | Judge Presiding. |

JUSTICE APPLETON delivered the opinion of the court:

On August 8, 2005, an anonymous informant, "John Doe," and a sheriff's deputy appeared before a judge on a request that a search warrant be executed. In the complaint for a search warrant, Doe and the officer stated that over the course of a few days preceding the complaint, the two had arranged a controlled purchase of cocaine from defendant, Darrell Lyons. Based on the statements to the judge, the police obtained a search warrant for defendant and his residence at 1903 North 35th Street in Decatur. As a result of the execution of the search warrant, defendant was charged with four counts related to the possession of controlled substances. Before the trial, defendant filed a motion to suppress the evidence, but that motion was denied. After a stipulated bench trial, defendant was found guilty of two counts of possession of a controlled substance with intent to deliver and sentenced to concurrent prison terms of nine years and three

years, respectively.  He now appeals his conviction and sentence. We affirm.

## I. BACKGROUND

On August 11, 2005, the State charged defendant with unlawful possession of a controlled substance with intent to deliver between 100 and 400 grams of cocaine (720 ILCS 570/401(a)(2)(B) (West 2004)) (count I), unlawful possession of more than 100 grams but less than 400 grams of cocaine (720 ILCS 570/402(a)(2)(B) (West 2004)) (count II), unlawful possession of a controlled substance with intent to deliver between 30 and 500 grams of marijuana (720 ILCS 550/5(d) (West 2004)) (count III), and unlawful possession of between 30 and 500 grams of marijuana (720 ILCS 550/4(d) (West 2004)) (count IV).  These charges stemmed from the Macon County sheriff's office's execution of a search warrant of 1903 North 35th Street, Decatur, Illinois.

On October 17, 2005, defendant filed a motion to suppress, alleging the search warrant was obtained without probable cause.  On December 21, 2005, the trial court conducted a hearing on defendant's motion to suppress.  Defendant presented the testimony of Macon County Sheriff's Deputy James Root, who testified that he obtained a drug-search warrant on August 8, 2005.  In his complaint for the warrant, Root alleged that, with the help of a confidential informant, Doe (who was also named as a complainant), he organized a controlled purchase of cocaine

between an unsuspecting third party and defendant, who was at the time known only as "Big Country."

According to Deputy Root's testimony, Doe met Root at an undisclosed location in Decatur. Root searched Doe's vehicle and person for contraband and found none. Root gave Doe an undisclosed quantity of cash for the anticipated purchase of cocaine. Doe left in his own vehicle to meet with the unsuspecting third party. Root followed. Once inside Doe's vehicle, the third party telephoned "Big Country" and then directed Doe to drive to another undisclosed location to meet "Big Country." Doe gave the third party the cash.

Meanwhile, a surveillance team observed a male, fitting Doe's description of "Big Country," exit the residence at 1903 North 35th Street in Decatur, enter a red Oldsmobile, and drive to the meeting location. There, according to Root's testimony, the third party exited Doe's vehicle and met with "Big Country" outside of Doe's presence. The third party then rejoined Doe and the two left the meeting location in Doe's vehicle. The surveillance team followed "Big Country" from the meeting back to the North 35th Street residence. Root said Doe took the third party to an undisclosed location and then met with Deputy Root at a predetermined location. Doe handed Root a plastic bag of a substance that later tested positive for cocaine.

Root testified that he did not conduct a search of the

- 3 -

third party prior to the transaction, and he therefore was not able to positively confirm whether that person possessed the cocaine prior to the meeting with "Big Country." Additionally, Root said the surveillance team did not see "Big Country" carrying anything as he walked out of the residence to his vehicle.

Defendant's counsel argued that the allegations in the complaint were insufficient to justify the issuance of a warrant that targeted "Big Country" and the North 35th Street residence. Defendant claimed there was an insufficient nexus between the cocaine that was delivered and defendant and/or defendant's residence. The trial court disagreed, finding that "while there are alternative explanations for where the controlled substance came from, one of them includes that it came from 'Big Country,' and I think that's sufficient to establish that there is probable cause here." The court denied defendant's motion.

At defendant's February 6, 2006, trial, he indicated he wished to preserve his right to appeal the trial court's order denying his motion to suppress. As a result, the parties agreed to (1) a stipulated bench trial as to counts I and III (the possession with intent to deliver counts); (2) a recommended sentence of concurrent prison terms of nine years and three years, respectively; and (3) the State's dismissal of the remaining two counts. The trial court considered the factual basis and entered a judgment consistent with the agreement. This appeal

- 4 -

followed.

## II. ANALYSIS

Defendant appeals from the trial court's order denying his motion to suppress.  He claims the search warrant was obtained in the absence of any probable cause because (1) nothing linked defendant to the cocaine that was delivered during the controlled purchase, and (2) neither Doe nor the unsuspecting third party was proved to be sufficiently reliable or trustworthy.  He claims any evidence found pursuant to the execution of the search warrant of defendant's residence was illegally seized and, as a result, his convictions must be reversed.

We review de novo a trial court's ruling on a motion to suppress when the underlying facts are not in dispute and the only question is the adequacy of the affidavit attached to the complaint for the warrant.  People v. Cooke, 299 Ill. App. 3d 273, 277-78, 701 N.E.2d 526, 529 (1998).  The judge asked to issue the search warrant must look at the totality of the circumstances.  Utilizing practicality and common sense, the issuing judge must decide whether "'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'"  Cooke, 299 Ill. App. 3d at 278, 701 N.E.2d at 529, quoting Illinois v. Gates, 462 U.S. 213, 238, 76 L. Ed. 2d 527, 548, 103 S. Ct. 2317, 2332 (1983).

For a search warrant to be valid, the complaint and

supporting affidavit are not required to show beyond a reasonable doubt that the warrant should be issued; rather, they need only establish probable cause. People v. Stewart, 104 Ill. 2d 463, 475-76, 473 N.E.2d 1227, 1232 (1984). "To determine probable cause, a sufficient nexus between a criminal offense, the items to be seized, and the place to be searched must be established. [Citation.] When there is no direct information to establish a nexus, reasonable inferences may be entertained to create the nexus." People v. Beck, 306 Ill. App. 3d 172, 178-79, 713 N.E.2d 596, 601 (1999).

Relying on the reasonable inferences that the issuing judge may have drawn upon, we conclude that the totality of the circumstances suggests the following: Defendant left his residence on North 35th Street upon receiving a telephone call from the unsuspecting third party requesting that defendant sell him a specified amount of cocaine. It reasonably follows that defendant drove to the specified location to deliver the cocaine to the third party in exchange for the cash Doe had given to the third party. Defendant either exited the residence carrying the cocaine or he kept the supply in his vehicle. Because the surveillance team was waiting outside of the North 35th Street residence, it is reasonable to infer that they had been informed that that address was in fact defendant's residence.

Although the affidavit did not specifically indicate

that defendant kept contraband in that house, this gap of information "'can be filled merely on the basis of the affiant-officer's experience that drug dealers ordinarily keep their supply, records[,] and monetary profits at home.'" Beck, 306 Ill. App. 3d at 178, 713 N.E.2d at 601, quoting 2 W. LaFave, Search & Seizure §3.7(d), at 379 (3d ed. 1996). It was reasonable for the issuing judge to infer that defendant left his residence to meet the third party for the purpose of selling him cocaine. It was reasonable for the issuing judge to infer that the cocaine was delivered by defendant to the third party. And, it was reasonable for the issuing judge to infer that defendant was in possession of other controlled substances, currency, and drug paraphernalia at the North 35th Street residence. We find the issuing court had a substantial basis for determining the existence of probable cause.

Defendant also claims the State failed to establish that Doe was a sufficiently reliable and trustworthy source of information. He claims the facts presented to the issuing court did not establish that Doe could "be relied on to provide credible information to police." We find this requirement unnecessary here. This court has previously found that "[w]hen the informant has appeared before the issuing judge, the informant is under oath, and the judge has had the opportunity to personally observe the demeanor of the informant and assess the informant's credi-

bility, additional evidence relating to informant reliability and corroboration by police as discussed in <u>Illinois v. Gates</u>, 462 U.S. 213, 238-39, 76 L. Ed. 2d 527, 548, 103 S. Ct. 2317, 2332 (1983), is not necessary." <u>People v. Hancock</u>, 301 Ill. App. 3d 786, 792, 704 N.E.2d 431, 436 (1998). <u>Gates</u> discussed the importance of police corroboration of an informant's tip when the issuing court has before it only an affidavit based on hearsay information. When the informant personally appears before the issuing court, such corroboration is unnecessary. <u>People v. Phillips</u>, 265 Ill. App. 3d 438, 448, 637 N.E.2d 715, 721 (1994). Deputy Root and Doe personally appeared together before the issuing judge. Thus, the judge had the opportunity to personally observe Doe, assess his credibility, and, to the judge's specifications, determine the basis of Doe's knowledge.

### III. CONCLUSION

For these reasons, we affirm the trial court's order denying defendant's motion to suppress. We find the complaint, affidavit, and personal request for a warrant contained sufficient probable cause to justify the issuance of the search warrant for defendant and the premises at 1903 North 35th Street. As part of our judgment, we grant the State its statutory $50 assessment against defendant as costs of this appeal.

Affirmed.

MYERSCOUGH and COOK, JJ., concur.

- 8 -